## Richmond

MARY LOU DYE

v.

J. S. STALEY, M.D., ET AL.

September 9, 1983.

Record No. 812215.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Thomas, JJ., and Harrison, Retired Justice.

16

*Michael A. Bragg; Robert T. Mitchell, Jr.*, for appellant.
*Wm. W. Eskridge; Phillip C. Stone (William F. Stone, Jr.; Stone & Worthy; Penn, Stuart, Eskridge & Jones*, on briefs), for appellees.

CARRICO, C.J., delivered the opinion of the Court.

This medical malpractice case, a companion to *Baker* v. *Zirkle*, 226 Va. 7, 307 S.E.2d 234 (1983), was brought by Mary Lou Dye against J. S. Staley, M.D., Staley Clinic, Inc., and Smyth County Community Hospital. Sustaining pleas of the statute of limitations filed by the defendants, the trial court dismissed the case. In *Baker*, we reversed similar trial court action on the authority of Code § 8.01-581.9, one of the medical malpractice review panel statutes. We reverse here on the same authority.

At the time of the proceeding below, Code § 8.01-581.9 read in pertinent part:

> The giving of notice of a claim pursuant to § 8.01-581.2 shall toll the applicable statute of limitations for and including a period of one hundred twenty days following the notice to the

health care provider . . . or sixty days following issuance of any opinion by the medical review panel, whichever is later.[1]

Code § 8.01-581.2, mentioned in -581.9, provides in pertinent part:

No action may be brought for malpractice against a health care provider unless the claimant notifies such health care provider in writing prior to commencing the action. . . . The claimant or health care provider may within sixty days of such notification file a written request for a review by a medical malpractice review panel. . . . No actions based on alleged malpractice shall be brought within ninety days of the notification by the claimant to the health care provider and if a panel is requested within the period of review by the medical review panel.

The parties agree that a two-year limitation period applies. Code § 8.01-243(A). They agree also that Dye's cause of action arose no later than July 8, 1978.

Pursuant to Code § 8.01-581.2, Dye gave notice of her claim on March 21, 1980. None of the parties requested a medical review panel. The two-year limitation period expired on July 8, 1980; the 120-day period following notice of claim terminated on July 19, 1980. Dye filed her motion for judgment on July 23, 1980.

In a letter opinion, the trial court said it interpreted " § 8.01-581.9 to mean that if the two year period of limitations should run during the 120 day period, then the two year statute cannot operate to bar the action so long as the action is filed within that 120 day period." Although the two-year limitation did run during the 120-day period, the court held Dye's action time-barred because it was not filed within that period.

---

[1] At its 1982 session, the General Assembly amended this sentence of Code § 8.01-581.9 to read:

The giving of notice of a claim pursuant to § 8.01-581.2 shall toll the applicable statute of limitations for and including a period of 120 days from the date such statute of limitations would otherwise run, or sixty days following issuance of any opinion by the medical review panel, whichever is later.

Acts 1982, ch. 151. Because the alleged negligence in this case occurred prior to the effective date of the amendment, the new statutory language is inapplicable and will not be the subject of further comment in this opinion.

■ We commented on a similar view in *Baker*. We said such a view does not give proper effect to the word " toll," as the term is used in Code § 8.01-581.9 and as that Code section and the preclusive provisions of § 8.01-581.2 interact with the applicable statute of limitations.[2] Code § 8.01-581.9 clearly is a tolling statute, we stated, meaning that it " suspend[s] or stop[s] temporarily" the running of the statute of limitations for a prescribed period, for example, "during the defendant's absence from the jurisdiction and during the plaintiff's minority." *Baker*, 226 Va. at 13, 307 S.E.2d at 237 (emphasis deleted) (quoting *Black's Law Dictionary* 1334 (5th ed. 1979)).

*Baker* involved a claim that was reviewed by a panel. We held that in a review panel case, Code § 8.01-581.9 operates to suspend the running of the statute of limitations from the date notice of claim is given until the termination of the sixty-day period following issuance of the review panel's opinion; the statute then resumes running, with the claimant entitled to the benefit of the time remaining on the limitation period as of the date notice of claim was given.

■ In the present case, the claim was not reviewed by a panel; hence, the sixty-day provision of Code § 8.01-581.9 is inapplicable. We believe, however, that the rationale of *Baker* is equally pertinent where, as here, the 120-day provision is involved.

We find, therefore, that when Dye gave notice of her claim on March 21, 1980, the running of the statute of limitations was suspended; at that time, 109 days remained on the two-year limitation period.[3] The 120-day period following notice of claim terminated on July 19, 1980, and the statute of limitations resumed running on July 20. Dye filed her action on July 23, with 105 days yet to run on the limitation period. Hence, the filing was timely.

---

[2] We pointed out in *Baker* that:

As a result of Code § 8.01-581.2, a medical malpractice claimant is absolutely forbidden from filing an action until ninety days after notification to the health care provider and then, if a review panel is requested, for the entire period the matter is under review by the panel. In an obvious effort to compensate for these restrictions upon a claimant's usual free access to the courts and to provide relief from an otherwise harsh application of the statute of limitations, the General Assembly enacted Code § 8.01-581.9.

226 Va. at 13, 307 S.E.2d at 236.

[3] February 1980 contained 29 days; hence, the computation in the text is based upon a total of 731 days in the two-year limitation period.

Accordingly, the order appealed from will be reversed, and the case will be remanded for further proceedings.

*Reversed and remanded.*