## Richmond

### DONNA COOLEY BAKER

### V.

### WALTER M. ZIRKLE, JR., M.D., ET AL.

September 9, 1983.

Record No. 820976.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Thomas, JJ., and Harrison, Retired Justice.

*Robert T. Mitchell, Jr. (Albert T. Mitchell; Hall, Monahan, Engle, Mahan & Mitchell,* on briefs), for appellant.

*Phillip C. Stone (Ronald D. Hodges; Douglas L. Guynn; Wharton, Aldhizer & Weaver,* on brief), for appellees.

CARRICO, C.J., delivered the opinion of the Court.

In this medical malpractice case, the trial court sustained a plea of the statute of limitations and dismissed a motion for judgment filed by the plaintiff, Donna Cooley Baker, against the defendants, Walter M. Zirkle, Jr., M.D., Michael J. Reilly, M.D., Daniel G. Witmer, M.D., and Richard Bump, M.D. Whether the plea was properly sustained requires an analysis of the interaction between the applicable statute of limitations and certain statutory provisions, specifically, Code §§ 8.01-581.2 and -581.9, which concern medical malpractice review panels. The parties agree that a two-year limitation applies to this case. Code § 8.01-243(A). They disagree upon the extent to which the limitation is affected by the review panel statutes.

In pertinent part, Code § 8.01-581.2 provides:

> No action may be brought for malpractice against a health care provider unless the claimant notifies such health care provider in writing prior to commencing the action. . . . The claimant or health care provider may within sixty days of such notification file a written request for a review by a medical malpractice review panel. . . . No actions based on alleged malpractice shall be brought within ninety days of the notification by the claimant to the health care provider and if a panel is requested within the period of review by the medical review panel.

At the time of the proceeding below, Code § 8.01-581.9 provided in pertinent part:

> The giving of notice of a claim pursuant to § 8.01-581.2 shall toll the applicable statute of limitations for and including a period of one hundred twenty days following the notice to the health care provider . . . or sixty days following issuance of any opinion by the medical review panel, whichever is later.[1]

---

[1] At its 1982 session, the General Assembly amended this sentence of Code § 8.01-581.9 to read:

In the present case, the conduct allegedly constituting medical malpractice occurred on June 10, 1978; hence, the statute of limitations normally would have run on June 10, 1980. On January 29, 1980, the plaintiff gave written notification of her claim. Within the prescribed period after notification, the defendants requested a medical malpractice review panel. The panel issued its opinion on December 5, 1980. The plaintiff filed her action on March 20, 1981.

In a letter opinion, the trial court stated:

> [Section] 8.01-581.9 of the Code of Virginia must be construed so that if the bar of the Statute of Limitations would fall during a period of 120 days following notice to the health care provider, or 60 days following issuance of any opinion of the panel, the bar of the statute would not fall (the Statute is tolled) until the expiration of such period. However, if these time period[s] have expired before the bar of the statute would have fallen, the time bar is not extended for such periods. *Ergo*, Code § 8.01-581.9 does not "suspend the running" of the statute of limitations. It prevents the bar [from] falling (tolls) during such periods.

In an order entered September 14, 1981, the court held that, because the plaintiff's action was filed more than two years after the alleged malpractice occurred and more than sixty days from the date the review panel issued its opinion, the action was time-barred.

The parties are in disagreement concerning the effect of the trial court's opinion. The plaintiff says the court's "construction of [Code § 8.01-581.9] indicates that the statute is only applied, in a case where a panel is requested, if the statute of limitation expires during the sixty day period following the panel decision." The defendants maintain the court's construction is not so limited, but is based "on the reasoning that . . . the two-year statute of limitations continues to run during the pendency of the claim; should

---

The giving of notice of a claim pursuant to § 8.01-581.2 shall toll the applicable statute of limitations for and including a period of 120 days from the date such statute of limitations would otherwise run, or sixty days following issuance of any opinion by the medical review panel, whichever is later.

Acts 1982, ch. 151. Because the alleged negligence in this case occurred prior to the effective date of the amendment, the new statutory language is inapplicable and will not be the subject of further comment in this opinion.

the two-year limitations period expire during the period for requesting a panel or during the claim's pendency before the panel, the claimant still has the prescribed additional time to file suit."

We agree with the plaintiff that the trial court limited the application of the tolling provision of Code § 8.01-581.9 to the situation where the statute of limitations expires during the 120-day period following notification of claim or the 60-day period following issuance of a review panel's opinion. Indeed, the court stated in its letter opinion that the Code section "must be construed" in this fashion.

It is not difficult, however, to perceive why the defendants would have us interpret the trial court's opinion differently. As the plaintiff correctly points out on brief, under the trial court's construction, the statute of limitations already would have run on the plaintiff's claim on the date the review panel issued its opinion in this case, "even though the plaintiff was prohibited, by [§ 8.01-581.2], from filing suit until that date."[2] We will not attribute to the General Assembly an intention to produce such an anomalous result.

The plaintiff argues that, to the contrary, the General Assembly clearly intended the words "toll the applicable statute of limitations," as used in Code § 8.01-581.9, to mean "suspend the running" of the statute of limitations. Hence, the plaintiff asserts, the running of the statute of limitations ceased when she gave notice of her claim and did not resume until the termination of the sixty-day period following issuance of the review panel's opinion. At the time she gave notice of her claim, the plaintiff says, more than four months remained on the two-year limitation; therefore, when the sixty-day period following issuance of the panel's opinion expired on February 3, 1981, she had the remaining four months, or until early June, in which to file her action; the action was filed on March 20 and, thus, was timely.

On the other hand, the defendants argue that the word "toll" cannot be treated in isolation but must be considered in its statutory context. In this consideration, the defendants maintain, emphasis must be placed upon the "unambiguous statutory words" which follow and modify the term "toll" in Code § 8.01-581.9, producing this reading:

---

[2] The two-year limitation period normally would have expired on June 10, 1980. The review panel's opinion was not issued, however, until December 5, 1980; this was the first date the plaintiff could have filed her action.

> The giving of notice of a claim pursuant to § 8.01-581.2 shall toll the applicable statute of limitations for and including a period of one hundred twenty days *following the notice* to the health care provider as specified in § 8.01-581.2, or sixty days *following issuance of any opinion* by the medical review panel, whichever is later.

When the statute is read with emphasis upon the italicized portions, the defendants assert, it is clear the General Assembly has not provided a true tolling statute in Code § 8.01-581.9, *viz.*, one stipulating that certain time "shall not be computed" in determining whether a cause of action is timely filed. Instead, the defendants say, Code § 8.01-581.9 prescribes "the last time during which suit may be filed: sixty days following issuance of the review panel's opinion."

Furthermore, the defendants argue, when the General Assembly intends that the running of the statute of limitations shall be interrupted during a prescribed period, it uses specific language to indicate its intention; for example, the general tolling statute, Code § 8.01-229, provides that where certain disabilities exist (§ 8.01-229(A)), or the commencement of an action has been stayed by an injunction (§ 8.01-229(C)), or service of process is prevented by a defendant (§ 8.01-229(D)), or an action is dismissed or abated without a determination on the merits (§ 8.01-229(E)), the time involved "shall not be computed" or "shall not be counted" in determining whether an action is timely brought.[3] Because similar language is "noticeably lacking" from Code § 8.01-581.9, the defendants maintain, the legislative intent to provide for interruption of the running of the statute of limitations is also lacking.

We disagree with the defendants. In their interpretation of Code § 8.01-581.9, the word "toll" is given no meaning at all. If their view is correct, the General Assembly need only have said that, notwithstanding the applicable statute of limitations, a medi-

---

[3] The defendants argue further that where the General Assembly intends to prescribe only an alternative period for bringing an action, rather than to provide for interruption of the running of the statute of limitations, it uses language similar to that employed in Code § 8.01-229(E)(3), concerning nonsuited actions, which, in turn, is akin to the wording of Code § 8.01-581.9, at issue here. For obvious reasons, we will not interpret § 8.01-229(E)(3) in this case, but will await the occasion when the section is properly an issue in some future appeal.

cal malpractice claimant whose case is heard by a review panel shall have sixty days following issuance of the panel's opinion within which to file an action. Obviously, the General Assembly said something different in this instance, and we believe the difference is decisive.

We need not decide in this case whether "toll" equates with "interruption" or "suspension" in every situation involving the statute of limitations. We must, however, give the word a reasonable interpretation in the context in which it is used, in this case the medical malpractice review panel statutes.

As a result of Code § 8.01-581.2, a medical malpractice claimant is absolutely forbidden from filing an action until ninety days after notification to the health care provider and then, if a review panel is requested, for the entire period the matter is under review by the panel. In an obvious effort to compensate for these restrictions upon a claimant's usual free access to the courts and to provide relief from an otherwise harsh application of the statute of limitations, the General Assembly enacted Code § 8.01-581.9.

We believe that Code § 8.01-581.9 clearly was enacted as a tolling statute. "Such statutes are highly remedial and should be liberally construed in furtherance of their purposes, and are not to be frittered away by any narrow construction." *Woodson* v. *Commonwealth Util., Inc.*, 209 Va. 72, 74, 161 S.E.2d 669, 670 (1968).

Actually, Code § 8.01-581.9 does not require a liberal construction. In furtherance of the legislative goal, we need give the word "toll" only the meaning it is usually accorded in the statute-of-limitations context.

In this context, *Black's Law Dictionary* 1334 (5th ed. 1979), defines the verb "toll" as meaning: "*To suspend or stop temporarily as the statute of limitations is tolled* during the defendant's absence from the jurisdiction and during the plaintiff's minority" (emphasis added). Applying this definition to the situation at hand and giving effect to the interaction between the statute of limitations and Code §§ 8.01-581.2 and -581.9, we find that when the plaintiff gave notice of her claim on January 29, 1980, 132 days remained on the two-year limitation. On that date, the running of the statute of limitations was interrupted; it did not resume until February 4, 1981, following the termination of the sixty-day period after issuance of the review panel's opinion. One hundred thirty-two days from February 4, 1981, was June 15, 1981, and

this was the last date on which the plaintiff could timely file her action. She filed the action on March 20, 1981, well within the allotted time.

For the reasons assigned, the order sustaining the plea of the statute of limitations and dismissing the plaintiff's action will be reversed, and the case will be remanded for further proceedings.

*Reversed and remanded.*