CIRCUIT COURT OF THE CITY OF RICHMOND

Patricia S. Adams

    v.

R. Lewis Wright et al.

Case No. LG 1252

By JUDGE MARVIN F. COLE

January 17, 1984

    This case is now before the court on a plea of the statute of limitations filed by the defendant, R. Lewis Wright. The defendant Wright relies upon two grounds to support the plea:

    (1) That the allegations of paragraph 6, 7, and 8, except insofar as they allege negligence in the performance of the operation itself, are barred because the other allegations were not specified in the Notice of Claim, and therefore no tolling of the statute as to these allegations took place.

    (2) The allegations of Paragraphs 6e, 6f, 6g. 6h, 6i, and 6j of the Amended Motion for Judgment that were not included in the original Motion for Judgment are barred under the two year statute.

In this letter I shall take up Number 1 above only, and Number 2 is deferred to a later date because evidence may be necessary as to this allegation.

The Notice of Claim dated April 14, 1983, mailed to the defendant stated the following:

> Please be advised that pursuant to Section 8.01-581.2 of the Code of Virginia, et seq., the abovenamed patient is notifying you as a health care provider, that she believes she has suffered personal injury arising from your care which injuries may constitute acts of medical malpractice. Patient believes that while under your care and during a recommended course of treatment, prescribed or provided by you, to-wit: Partial hemilaminectomy performed at L-5, S-1 level on patient's left side during which, as health care provider, a perforation hole in the small bowel (retroperitoneum) was caused. As a result, patient underwent remedial surgery wherein a large amount of small bowel contents was found coupled with localized peritonitis and a necrotic hole in the retroperitoneum. Patient first received the aforementioned recommended course of treatment on April 20, 1981, having been admitted as a patient under your care on April 14, 1981.

The Amended Motion for Judgment, in addition to the malpractice alleged to have occurred on the date of the operation on April 20, 1981, adds allegations of (1) failing to obtain informed consent; (2) failure properly to diagnose and treat the bowel perforation; (3) performing unnecessary surgery and other general allegations. The basis for the defendant Wright's plea of the statute of limitations is that the tolling provisions of Section 8.01-581.9 do not apply to those acts of malpractice not set out in the Notice of Claim, and are therefore barred by the two year statute.

This plea brings into consideration the question as to how specific must the Notice of Claim be. In regard to the Notice section, Section 8.01-581.2 states the following:

No action may be brought for malpractice against a health care provider unless the claimant notifies such health care provider in writing prior to commencing the action. The written notification shall include the time of the alleged malpractice and a reasonable description of the act or acts of malpractice. . .

Rule 2 of the Rules of the Supreme Court of Virginia states the following in regard to the Notice of Claim:

(a) Notice of Claim. The notice of a medical malpractice claim shall be deemed to be filed when delivered or mailed by registered or certified mail to the health care provider at its office, residence, or last known address. Proof of mailing shall be the receipt of the United States Postal Service. The time of the alleged malpractice shall be adequately stated if an approximate date (or dates) is stated. The notice shall contain a reasonable description of the act or acts of malpractice asserted.

(b) Objection to Notice. Any objection to the adequacy or reasonableness of the notice of claim must be stated in writing by the health care provider by notice in writing to the claimant within 30 days after receipt of the notice of claim. Otherwise, any such objection shall be deemed waived.

The function of the medical malpractice review panel is to conduct an investigation to determine whether the health care provider has complied with the appropriate standard of care, that is to say whether he has exercised and utilized the average skill or

knowledge of other health care providers in like circumstances. Reference to Section 8.01-581.7 will show that all the panel does is to determine whether the appropriate standard of care has been followed and one of the four opinions given in the statute is made by the panel. It only gives an opinion and does not and cannot report on causes of actions or find facts in regard to the claim of the plaintiff.

The purpose of the Notice of Claim to be given by the plaintiff to the health care provider is to advise him that a claim is being made against him for malpractice. This then gives the health care provider the option of requesting or not requesting a review by a medical malpractice review panel established in Section 8.01-581.3. This is the sole purpose of the Notice of Claim.

The statute says the notification shall include the time of the alleged malpractice, and Rule 2 of the Supreme Court enlarges upon this and says the time shall be adequately stated if an approximate date or dates is stated.

The statute further says a reasonable description of the act or acts of malpractice shall be given in the notification. I do not believe at this stage of the proceeding, which is only an investigation, that the plaintiff is expected to or required to set forth in the Notice of Claim each act or acts of malpractice. If this could be done with any specificity there would be no need for the investigation.

To require this in the Notice of Claim would demand more of the plaintiff than he would have to allege in a motion for judgment in a negligence case. Rule 3:16(b) states that in a motion for judgment all that is necessary is to allege negligence and that it is not necessary to specify the particulars of the negligence. If the defendant requires further information for his defense he can get it through a bill of particulars, depositions or interrogatories. I believe that <u>act</u> <u>or</u> <u>acts</u> referred to in the statute

refers to occurrences or treatments, and not legal causes of action.

It is my opinion that the Notice of Claim is sufficient if it gives an approximate date of the alleged malpractice. The approximate date of a surgical operation is all that the health care provider needs to know to ascertain the event involved and to locate his file in the matter. Then the plaintiff must give a reasonable description of the act or acts of malpractice. The letter involved in this case told the doctor that the plaintiff had been injured while under his care due to his acts of malpractice. The letter advised that the treatment was a partial hemilaminectomy performed at L-5, S-1 level on left side, during which the doctor caused a perforation hole in the small bowel. The letter further told the doctor that as a result of his malpractice, the plaintiff underwent remedial surgery where a large amount of small bowel contents was found coupled with localized peritonitis and a necrotic hole in the small bowel. I am of the opinion that this is sufficient notice to the health care provider to apprise him of any and all acts of negligence that grew out of this occurrence. And this would include (1) failing to obtain plaintiff's informed consent; (2) failure properly to diagnose and treat the bowel perforation; (3) performing unnecessary surgery. It would also include negligent acts and damages after the patient was discharged from the hospital, provided the same can be attributed to the malpractice which occurred at the hospital. In other words the issue is whether the doctor exercised the proper standard of care on this occasion, and any act or acts of negligence that would shed light on this are contemplated and within the Notice of Claim. Certainly if there were follow-up visits in the doctor's office after the hospitalization, these could lead to acts of negligence. Certainly, the damages could continue past the hospitalization.

As I understand the situation, this letter only partially takes care of the plea of the statute of limitations. I request that counsel for the plaintiff prepare an order that will take care of the matter

prepare an order that will take care of the matter covered by this letter opinion.

February 1, 1984

The plaintiff filed a motion for judgment in this matter on August 11, 1983. The plaintiff alleged that she was admitted to Stuart Circle Hospital under the care of Dr. R. Lewis Wright on April 14, 1981. Dr. Wright operated upon her for removal of a disc, and after continuing bowel pain, it was necessary that Dr. Easterly operate upon the plaintiff, which operation detected a torn small intestine, which was leaking intestinal contents into the bowel cavity resulting in poisoning. The plaintiff alleged the following acts of negligence in the motion for judgment.

6. The defendants, jointly and severally, were negligent as follows:

a. In failing to adequately inform the plaintiff of the consequences and risks inherent in the operation to her back performed by Dr. Wright.

b. The surgery was negligently performed in that the small intestine was perforated.

c. The failure to promptly diagnose the resulting bowel problems suffered by the plaintiff.

d. By performing an unnecessary back operation on the plaintiff.

e. And other particulars known to the defendant as may be shown by the evidence.

7. The defendants failed to inform the plaintiff of the risks of the procedure before the disc operation, they recommended to her. This failure was joint and several.

8. The above negligent acts and omissions are and were negligent in that they did not comply with the standards of care expected of physicians and hospitals in Virginia and the nation generally.

On September 6, 1983, Stuart Circle Hospital filed a demurrer and motion to dismiss on the ground that no cause of action was stated against the hospital and that the allegations of negligence in Paragraphs 6, 7, 8, 9 and 11 were addressed to other parties and not against the hospital, who had no such duty to the patient of the doctor.

On November 3, 1983, the court entered an order granting the plaintiff permission to file an amended motion for judgment, which was filed on that day.

The amended motion for judgment contained the same allegations as to Stuart Circle Hospital, except that several additional duties were added. They are as follows:

6. e. By failure to properly screen, review and control physicians admitted to the medical staff and operating in the emergency room.

f. In negligently staffing, controlling, directing, selecting employees for, promulgating rules for and otherwise controlling and operating an operating room and recovery care thereafter.

g. In failing to render such reasonable care as the plaintiff's known physical condition, and obvious symptoms required.

h. By violating the duty owed to the plaintiff of ordinary care to provide proper custodial hospital care including observation of the medical condition and promptly notifying appropriate physicians and/or other professionals of the plaintiff's deteriorat-

ing condition as that deterioration became manifest.

j. In negligently equipping and supplying the operating room and treatment and recovery facilities.

The court further required the plaintiff to file a Bill of Particulars with specific reference to the duties and negligence of Stuart Circle Hospital and this was filed on January 3, 1984.

The position of Stuart Circle Hospital is that the plaintiff was discharged from Stuart Circle Hospital on May 23, 1981, for the operation that is the subject matter of this suit. Therefore, any negligence on the part of the hospital had to have occurred prior to May 23, 1981, and therefore the statute of limitations would have run on May 23, 1983. The original motion for judgment was not filed until August 11, 1983, well after the two year statute of limitations had run.

On the other hand the plaintiff contends that the statute was tolled for a period of 120 days because of the medical malpractice panel and this would extend the statute to September 23, 1983, by which time the original suit had been filed.

I am of the opinion that the two year statute of limitations ran in this case on September 23, 1983, and all claims filed thereafter are barred. See Virginia Code Section 8.01-581.9 and Dye v. Staley, 226 Va. 15 (1983).

The defendant hospital next contends that the amended motion for judgment contains new causes of action and new demands. Therefore, as to these, the original motion for judgment does not stop the running of the statute of limitations and therefore the statute as to these is not tolled until the amendment is filed on November 3, 1983. Therefore, in the amended motion for judgment paragraphs 6 e, 6 f, 6 g, 6 h and 6 j are not tolled until November 3, 1983, and are therefore

not tolled until November 3, 1983, and are therefore barred by the statute of limitations.

In Burks Pleading and Practice, 4th Ed., Section 235, the general·rule is stated as follows:

Amendment of Pleadings. If the amendment sets up no new cause of action or claim, and makes no new demands but simply varies and expands the original cause of action, the amendment relates back to the commencement of the action and stops the running of the statute as of that date; but an amendment which introduces a new or different cause of action, or makes a new or different demand, does not relate back and the statute continues to run till date of amendment. If the amendment simply consists in claiming larger damages than were claimed in the original declaration, the statute stops running at the commencement of the action, and not at the time of making the amendment.

I am of the opinion that the amended motion for judgment as to Stuart Circle Hospital does make new demands, and therefore does not relate back to the original motion for judgment, and therefore are barred by the statute of limitations. The new claims or demands are set forth in paragraphs 6 e, 6 f, 6 h and 6 j.