## CIRCUIT COURT OF ROANOKE COUNTY

Morrison

v.

Bestler

### May 18, 1987

### Case No. CL84850160

## By JUDGE KENNETH E. TRABUE

I have reviewed the files involved in this case, the pleadings, the memorandums and the arguments of counsel at a hearing on May 15, 1987. I am of the opinion that the defendant's plea to the statute of limitations should be sustained and this case dismissed.

On March 9, 1984, the plaintiff filed a motion for judgment (File No. CL84000087) in the Circuit Court of Roanoke County asking for damages for alleged medical malpractice which occurred on March 1, 1982. At the time this suit was filed, notice of claim had not been given to the health care providers as was required by Va. Code Section 8.01-581.2 (1984). On the following day, Saturday, March 10, 1984, the claimant delivered her notice of claim to the health care provider. Service of process on the defendant in the Circuit Court case was accomplished on March 13, 1984. On March 22, 1984, the defendant filed a demurrer and a motion to dismiss upon the grounds that Va. Code § 8.01-581.2 (1984) prohibited the filing of an action:

1. Unless the claimant notifies the health care provider in writing by registered or certified mail prior to the commencing of the action, and

2. No action shall be brought within 90 days of the notification of the claimant.

Neither party requested a hearing on the defendant's demurrer and motion to dismiss until November 2, 1984. Neither party requested a medical malpractice review panel; and on November 13, 1984, The plaintiff moved for a nonsuit pursuant to Va. Code § 8.01-380 (1984). On November 16, the Court entered an order of nonsuit which discontinued the case. This was the first and only nonsuit of this cause of action and pursuant to Va. Code Section 8.01-380 (1984) was a matter of right of the plaintiff.

On November 16, 1984, plaintiff filed her second motion for judgment in the Circuit Court of Roanoke County Case No. CL84850160. Service of process was on November 26, 1984, and the defendants filed a plea to the statute of limitations on November 21, 1984.

Va. Code § 8.01-581.2 (1984) prohibited the filing of suit within 90 days of the notice of claim or before June 9, 1984. Pursuant to Va. Code § 8.01-581.9 (1984), the notice of claim tolled the statute of limitations for a period of 120 days from March 10, 1984, which was a period ending July 8, 1984. The 60-day provision is inapplicable because neither side had asked for a medical review panel.

Thus, the instant suit was not timely filed unless the cause of action was saved by Va. Code Section 8.01-229(E)(3)(1984):

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court.

The plaintiff in essence says that she has a timely filed because the second motion for judgment was filed within three days of her nonsuit of the first action. Defendant on the other hand contends that the second motion for judgment is barred because Va. Code § 8.01-581.9 (1984) is controlling and a "valid suit" was not filed on or before July 8, 1984, the first suit having been absolutely prohibited by Va. Code § 8.01-581.2 (1984), *Baker v. Zirkle*, 226 Va. 7 (1983), and *Dye v. Staley*, 226 Va. 15 (1983). I am of the opinion that it is clear from the statutory provision and *Baker* that the filing of the first action was prohibited until June 9, 1984. Nevertheless, the statute of limitations during that period was extended by 120 days, and suit could have been filed between June 9, 1984, and July 8, 1984. Even taking a best scenario for the plaintiff and tacking the 120-day tolling or interruption period onto the initial 90 days, the filing of the second suit still would not have been timely.

I am of the opinion that the voluntary nonsuit statute is not applicable to an action which is prohibited in the first place. I agree with the plaintiff that Va. Code § 17-123 (1982) gives Circuit Courts of the Commonwealth subject matter jurisdiction over medical malpractice cases. However, as to the plaintiff's case in this particular instance, but because of the statutory provision against the filing of suit under Va. Code § 8.01-581.2 (1984), the court had potential jurisdiction only. For there to have been "active jurisdiction," a certain condition of fact must have been met, i.e., that 90 days had elapsed since the notification of claim and no request for a medical malpractice panel had been made. Thus, this Court did not have actual active jurisdiction over the first case, and the plaintiff's filing of that suit was null and void. *Farant Invest. Corp. v. Francis*, 138 Va. 417, 427 (1924).

Plaintiff could have dismissed the first suit and timely filed after the 90-day period and within the tolling provision of Va. Code § 8.01-581.9 (1984). Plaintiff should not be entitled to unilaterally extend the running of the statute of limitations by the use of the nonsuit statute in conjunction with its companion six-month tolling of the statute (Va. Code § 8.01-229(E)(3) (1984)) when

the filing of the first case was absolutely prohibited in the first instance.

Plaintiff has raised the issue as to whether the Court had jurisdiction to enter a nonsuit order if it lacked jurisdiction over the case in the first instance. *Nash* v. *Jewell*, 227 Va. 230 (1984), makes it clear that the plaintiff has an absolute right to one nonsuit. The election is his, and neither the trial court nor opposing counsel can prevent him from doing so. However, the court acts by orders and decrees, and there is no termination of litigation until the court enters an appropriate order. The court has the authority to terminate the litigation, even if it does not have jurisdiction, so long as the termination serves to discontinue the case only and is not a determination of the merits.

For these reasons I am of the opinion that Chapter 21.1, Medical Malpractice, and the prohibition from filing suit under Va. Code § 8.01-581.2 (1984) and the tolling provisions of Va. Code § 8.01-581.9 (1984) are controlling. If the nonsuit statute Va. Code § 8.01-380 (1984) and the tolling provision of Va. Code § 8.01-229(E)(3) (1984) were to control, the provisions of the Medical Malpractice Act would have no meaning.