## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Peggy M. Boone

v.

Jefferson Memorial Hospital, Inc., et al.

April 1, 1988

Case No. (Law) 12264

By JUDGE DONALD M. HADDOCK

I have carefully reviewed both *Baker v. Zirkle*, 226 Va. 7 (1983), and *Dye v. Staley*, 226 Va. 15 (1983). As we are all aware, both cases were decided under the pre-1982 version of § 8.01-581.9, and in both, the Supreme Court expressly declined to comment on the post-1982 version. In *Baker* and *Dye*, the Court emphasized the word "toll" and held that the entire balance of the statute of limitations was suspended upon giving of notice of claim. The 1982 legislative change occurred prior to the decisions in *Baker* and *Dye*; the change deleted "following the notice to the health care provider . . ." and inserted "from the date such statute of limitations would otherwise run." Thus, the current version reads in pertinent part:

> The giving of notice of a claim pursuant to Section 8.01-581.2 shall toll the applicable statute of limitations for and including a period of 120 days from the date such statute of limitations would otherwise run, or 60 days following issuance of any opinion by the medical review panel, whichever is later.

As I view the statute in its present form, the "tolling" which it provides is not of the entire balance of the statute of limitations as in *Baker* and *Dye*, but rather the 120-day period following the normal running of the statute or the indeterminate period ending sixty days subsequent to panel decision, whichever is later. In essence, the Legislature is telling us to operate basically within the existing statute of limitations plus 120 days, or plus whatever period of time it takes for a panel decision and sixty days. Either of these provisions could be controlling in the individual case, depending on when notice of claim is given. If notice of claim is not given until the last day of the regular statute of limitations, plaintiff gets an extra 120 days if no panel is requested, or if one is requested, plaintiff gets sixty days after the panel decision in order to file suit. On the other hand, if plaintiff gives notice of claim six months into the statute of limitations and a panel is requested and the panel renders its decision a year into the statute of limitations, plaintiff is not required to file within sixty days, but rather has the remaining year of the statute of limitations (not the remaining eighteen months) plus the 120 days, because of the statutory language "whichever is later." This construction does take into consideration the inconvenience to plaintiff in not being able to file suit in the first ninety days and not being able to file during the pendency of the panel decision. It also takes into consideration the legislative intent evidenced by subsequent amendments in the medical malpractice legislation to speed up the resolution of medical malpractice claims.

I have tried to ascertain a different interpretation of the 1982 amendment but can come up with none, and counsel has suggested none, which effects any change in the pre-1982 law. It is unlikely to me that the Legislature would change the legislation without intending to change its application. I am therefore persuaded that the Legislature intended the change in the legislation to effect a change in the law as previously outlined in this opinion.

For the foregoing reasons, the plaintiff's claim is time barred.