## CIRCUIT COURT OF FAIRFAX COUNTY

Williams

v.

Weakley et al.

July 14, 1988

By JUDGE THOMAS A. FORTKORT

This matter is before the Court for consideration of Defendant's Motion to Dismiss for lack of jurisdiction. Defendant claims that Plaintiff's failure to obtain service of process more than one year after commencement of the lawsuit prevents judgment from being entered pursuant to Rule 3:3 of the Rules of the Supreme Court. Plaintiff argues that process was timely served within one year after the action was recommenced following a voluntary nonsuit.

Plaintiff filed his original Motion for Judgment on November 7, 1985, but directed that process not be served on the Defendant. Service of process was eventually made on November 19, 1986. Plaintiff took a voluntary nonsuit on December 19, 1986. The Court finds that since process was not served within one year from commencement of the action and Plaintiff did not exercise due diligence to obtain timely service, Rule 3:3 prevents judgment from being entered against the Defendant. The one-year period for service of process elapsed on November 7, 1986, before the nonsuit was taken and thus prevented judgment from being entered after that date.

A nonsuit tolls the statute of limitations until recommencement of the action. Va. Code § 8.01-229(E)(3). The effect of tolling is to suspend or temporarily stop a statute from running, not provide a new limitations

period. *Baker v. Zirkle*, 226 Va. 7 (1983). After recommencement, the statute resumes with the plaintiff entitled to the benefit of the time remaining on the limitation period as of the date notice was given. *Dye v. Staley*, 226 Va. 15 (1983). In the present case, Plaintiff was not entitled to additional time after recommencement because the period had expired before the nonsuit was taken. The time limitation for service of process is not absolute as long as plaintiff pursues the matter with diligence. In this case, defendant was readily available for service, and plaintiff chose to withhold service for his own purposes. Thus, his suit is barred under Rule 3:3. To hold otherwise would be to allow cases to become stale in direct contravention of the rule. In this case, the injury complained of occurred November 9, 1983, with service finally completed on June 1, 1988, two and one-half years beyond the normal statute of limitations.

For the reasons stated, the Court grants defendant's motion to dismiss because service of process was not made within one year from commencement of the action contrary to Rule 3:3 of the Rules of the Supreme Court.