## CIRCUIT COURT OF LOUDOUN COUNTY

Sabbatino

    v.

Loudoun Hospital

December 5, 1989

Case No. (Law) 10849

By JUDGE THOMAS D. HORNE

This cause came to be heard on the Motions to Dismiss and Pleas of the Statute of Limitations filed by certain of the defendants in this case. Defendants rely upon the language of the provisions of the § 8.01-581.9 of the Code of Virginia as it existed in 1988. They seek to distinguish the instant case from the *Baker* and *Dye* cases based upon certain statutory changes brought about through the 1982 amendment to the Code. *Cf. Baker v. Zirkle*, 226 Va. 7 (1983); *Dye v. Staley*, 226 Va. 15 (1983). The Court has reviewed the letter opinion of Judge Haddock and does not believe it to be applicable to the instant case. *Peggy M. Boone v. Jefferson Memorial Hospital, Inc.*, 14 Va. Cir. 36 (1988).

While the Court agrees with counsel for the defendants that the amendment to the provisions of § 8.01-581.9 modified the tolling statute and that such modification to the statute might affect the precedential effect of *Baker* and *Zirkle* after such modification, it does not view the change as a bar to the instant case.

The Motion for Judgment alleges that Andrea Marie Sabbatino died on July 29, 1987. The giving of notice of claim would have tolled the statute of limitations for a period of 120 days from the date that the applicable

statute of limitations would otherwise have run. In the event a panel opinion had been rendered in the case, that period may have been extended for a period of up to sixty days from the date of the written opinion, where that date fell at a time beyond the expiration of 120 days from the day when the applicable statute of limitations ceased to run. The Court finds that the only reasonable construction to be given the provision relating to rescission is that in the event of rescission, the giving of such notice would extend the period for sixty days, where the expiration date of such sixty-day period would fall at a time beyond the 120 days from the date the applicable statute of limitations would otherwise have run.

Accordingly, the Motions to Dismiss based upon the respective pleas of the statute of limitations are denied.