## CIRCUIT COURT OF FAIRFAX COUNTY

Jennifer S. Dively

 v.

Samuel R. Sawmiller

September 28, 1994

Case No. (Law) 128164

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the Defendant's Motion for Leave to Amend his Answer and Grounds of Defense and Motion to Dismiss. For the reasons stated below, the Motion for Leave to Amend is granted, and the Motion to Dismiss is denied.

On December 13, 1990, the Defendant, a physician and surgeon licensed to practice in Virginia, operated on the Plaintiff's knee. The last treatment of the Plaintiff by the Defendant was on February 21, 1991. Under the Medical Malpractice Act in effect at that time, before filing suit, a potential claimant had to first notify the health care provider of the claim in writing, and the claimant was prohibited from filing suit within ninety days of such notification or within the period of review if the health care provider requested a panel review. Va. Code Ann. § 8.01-581.2 (Michie 1950). In accordance with the Act, on December 11, 1992, the Plaintiff filed notice of a claim against the Defendant alleging negligence. On January 20, 1993, the Defendant requested a medical review panel. The statute of limitations for the claimant was to be tolled for one hundred twenty days from the date notice was given or for sixty days following the date of issuance of an opinion by the medical review panel, whichever was later. Va. Code Ann. § 8.01-581.9 (Michie 1950). On July 1, 1993, the tolling provision of the Medical Malpractice Act was repealed. On September 28, 1993, the medical review panel issued its opinion. On November 22, 1993, the Plaintiff filed her Motion for Judgment. On December 27, 1993, the

Defendant filed his Answer and Grounds of Defense. The Defendant's response did not include the defense of the statute of limitations.

On August 19, 1994, the Defendant filed a Motion to Amend his Answer to include the defense of the statute of limitations and a Motion to Dismiss on those grounds. Those motions were heard on September 16, 1994. The Defendant asserts that he should be granted leave to amend his answer because he has substantive rights at stake, and the statute of limitations is a procedural rule that is not intended to affect the substantive rights of the parties. According to the Defendant, the tolling of the statute of limitations ceased when the tolling provision was repealed on July 1, 1993. Therefore, the Plaintiff should have filed her Motion for Judgment by September 11, 1993, instead of on November 22, 1993.

The Plaintiff argues that the Defendant waived his statute of limitations defense by not raising it in his Answer and Grounds of Defense and that an amendment now will prejudice the Plaintiff. The Plaintiff also argues that the statute of limitations had not run at the time the Motion for Judgment was filed. The Plaintiff claims that the Defendant caused an obstruction by requesting a medical review panel and that such obstructions tolled the statute of limitations. Alternatively, the Plaintiff asserts that the repeal of the tolling provision should have no effect on this case because the applicable law is the law that was in effect at the time the cause of action arose.

The Court grants the Defendant's Motion for Leave to Amend. The potential prejudice to the Defendant of not granting such motion outweighs the prejudice to the Plaintiff of granting the motion. The Plaintiff alleges that the Defendant's request for a medical review panel has caused her great expense and delay and that to dismiss her case now would be the epitome of prejudice. The Plaintiff cites the costs to her of preparation for and participation in the panel's review. However, in deciding whether or not to grant leave to amend the answer, the relevant prejudice is that which is suffered by the Plaintiff because the Defendant did not allege the statute of limitations in his Grounds of Defense on December 27, 1993. Specifically, that prejudice consists of the litigation costs incurred between December 27, 1993, and the present. These costs are not so significant as to outweigh the right of the Defendant to raise the statute of limitations as a defense. The expense of the review panel and all other expenses incurred by the Plaintiff before December 27, 1993, would have been incurred even if the defense had been raised in the Answer.

The Court denies the Defendant's Motion to Dismiss. The Court has reviewed a federal district court and several circuit court opinions on the

effect on plaintiffs' actions of the repeal of the tolling provision of the Medical Malpractice Act. The analyses in many of these cases conclude that the statute of limitations is procedural, and therefore, the parties must abide by the law in effect at the date of the filing of the motion for judgment. *See, Nielson v. Gaertner*, Civil Action No. 93-1383-A (E.D. Va., Alexandria Division, April 29, 1994); *Cumberland v. Boone*, At Law No. 93-15037 (Loudoun Circuit, May 3, 1994); *Harris v. DiMattina*, At Law No. 93-1258 (Arlington Circuit, April 7, 1994); *Saylor v. Moon*, At Law No. CL940200; *McAleer v. Valley Nursing Homes, Inc.*, At Law No. CL940381 (Alexandria Circuit, August 25, 1994). However, the substantive versus procedural analysis alone fails to account for other due process issues that are present.

The tolling provisions of the Medical Malpractice Act were intended to compensate plaintiffs for their reduced right to sue health care providers. *Baker v. Zirkle*, 226 Va. 7, 307 S.E.2d 234 (1983); *Wertz v. Grubbs*, 245 Va. 67, 425 S.E.2d 500 (1993). The right to the tolling provision vested when each potential plaintiff filed his or her notice of a claim with the health care provider. Vested rights, like substantive rights, are protected from the retroactive application of statutes. *Saylor v. Moon*, At Law No. CL940200; *McAleer v. Valley Nursing Homes, Inc.*, At Law No. CL940381 (Alexandria Circuit, August 25, 1994); *Starnes v. Cayouette*, 244 Va. 202, 419 S.E.2d 669 (1992); *Roller v. Basic Construction*, 238 Va. 321, 384 S.E.2d 323 (1989). In this case, the Plaintiff had a vested right in the benefits of the tolling provision that could not be taken away by the repeal of the statute without violating due process.

Further, a miscarriage of justice would result from the application of the repeal of the tolling provision to this case. The Plaintiff acted in good faith in staying her action in compliance with the Medical Malpractice Act. She was prohibited from filing suit during the period of review, so she filed her Motion for Judgment fifty-five days after the issuance of the panel's opinion, well within the statute of limitations as tolled by the Act. It cannot be presumed that the Legislature intended such a "harsh and unreasonable result" to occur as a result of the repeal of the tolling provision. *Saylor v. Moon*, At Law No. CL940200; *McAleer v. Valley Nursing Homes, Inc.*, At Law No. CL940381 (Alexandria Circuit, August 25, 1994).