JUSTICE LACY,
dissenting in part.
*319 I agree with the majority’s decision that the statutory provisions at issue are procedural in nature. I also agree with the majority’s conclusion that applying the statutory changes that became effective July 1, 1993 to Harris’ claim will not result in a miscarriage of justice. I respectfully dissent, however, from the conclusion reached by the majority in the Cumberland case. In my opinion, application of the statutory changes to Cumberland does not impose a manifest injustice on him. Furthermore, the respective circumstances of Harris and Cumberland as of July 1, 1993, do not support the differing dispositions the majority imposes.
Although Cumberland was precluded from filing a motion for judgment during the effective dates of the repealed provisions, that restriction was lifted on July 1, 1993. No longer was Cumberland required to wait until the medical malpractice review panel issued its decision before he could file his motion for judgment. After July 1, 1993, the only remaining restriction was that Cumberland file his motion for judgment within the two-year period allowed by the statute of limitations. The repealed statute had suspended the running of the limitation period. Baker v. Zirkle, 226 Va. 7, 13, 307 S.E.2d 234, 237 (1983); Dye v. Staley, 226 Va. 15, 18, 307 S.E.2d 237, 238-39 (1983). Therefore, the period available to Cumberland in which to file a motion for judgment was that which remained on his limitation period on the date he filed his notice of claim. Thus, Cumberland had 38 days from July 1, 1993 to file a motion for judgment against Dr. Cook and three days to file against Dr. Boone, Dr. Gates, and Loudoun Surgical Associates, Ltd. Although Cumberland could have filed his motion for judgment within the appropriate limitation period, he did not.
The failure of a litigant to institute his lawsuit prior to the expiration of the statute of limitations cannot be considered a miscarriage of justice. Nor is it a miscarriage of justice for a litigant to be required to comply with a limitation period that has been shortened or altered by the legislature, when, as here, no substantive rights are affected. The Constitution of Virginia postpones the effective date of all newly enacted legislation for several months. Va. Const. art. IV, § 13. See also Code § 1-12. “The manifest purpose of the constitutional provision ... is to allow litigants a fair opportunity to acquaint themselves with the provisions of the statute enacted at a given session in order to institute and prose *320 cute the appropriate proceeding for the preservation of their rights in accordance therewith.” Duffy v. Hartsock, 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948). See also Board of Supervisors v. Brockman, 224 Va. 391, 396, 297 S.E.2d 805, 808 (1982). Thus, Cumberland had several months prior to the revival of his limitation period to prepare the appropriate motions for judgment against the defendants. This notice period, when combined with the days remaining on Cumberland’s limitation period, provided Cumberland with a reasonable time in which to preserve his rights by filing motions for judgment against the defendants. See Phipps v. Sutherland, 201 Va. 448, 454, 111 S.E.2d 422, 426-27 (1959). His failure to act does not qualify as a miscarriage of justice.
Furthermore, not only was Cumberland able to pursue his claim in a timely manner once the “disadvantages of the former notice of claim requirement” were removed, he was not deprived of the “intended compensatory benefit of the former tolling provisions” as the majority concludes. Cumberland did receive the benefit of the tolling provisions from December 2, 1992, the date of his notice of claim, until July 1, 1993. Therefore, I cannot agree with the majority’s assertion that Cumberland would be subjected to manifest injustice if required to comply with the current procedural provisions.
Finally, I do not think the circumstances of Harris and Cumberland are sufficiently distinguishable to justify the disparate treatment the majority has imposed upon them. The sole factual difference between the claimants is that Harris did not file a notice of claim before July 1, 1993. Nevertheless, prior to July 1, 1993, both Harris and Cumberland were denied direct access to the courts to pursue their tort claims; they were both subject “to the disadvantage of the former notice of claim requirement.” As of July 1, 1993, however, both were relieved of this disadvantage and were free to file a motion for judgment. Harris had 12 days to file before the statute of limitation for her claim expired. Cumberland had 38 days left to file against Dr. Cook and 3 days left to file against the remaining defendants. Accordingly, both Harris and Cumberland could have filed timely motions for judgment after July 1, 1993. Neither did and, therefore, both claims should be barred.