## CIRCUIT COURT OF AMHERST COUNTY

Arlene Sandidge

v.

Erik Michael Hilliard

Case No. 4715

Fannie Sandidge Page

v.

Erik Michael Hilliard

Case No. 4714

September 5, 1996

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the plea of the statute of limitations that has been raised in each of the above cases. In this regard, I sustain the plea of the statute of limitations in both cases as a result of the failure of the plaintiffs to file their actions within the original time period of the statute of limitations. The reasons for this ruling are set forth more fully below.

It is important to first recite the factual background of these cases. Both cases arise out of an automobile accident occurring on January 12, 1994, in Amherst County, Virginia. Therefore, the original two year statute of limitations would expire on Friday, January 12, 1996. The original cause of action in each case, Case No. 4694 and No. 4695, was filed on Tuesday, January 16, 1996. Thereafter, no service of the motion for judgment was obtained on the defendant in either case. On motion of the plaintiff in each original case, the court entered a nonsuit order on March 6, 1996. Both

plaintiffs then refiled their actions on March 8, 1996. R. Creigh Deeds, attorney-at-law, and a member of the General Assembly of the Commonwealth of Virginia, filed the actions for both plaintiffs on March 8, 1996. Mr. Deeds was not the original attorney who filed the actions on January 16, 1996.

The plaintiffs argue that, by virtue of § 30-5 of the Code of Virginia, they have a period of thirty days from March 11, 1996, to file their cause of action because their second attorney, Mr. Deeds, was a member of the General Assembly that was in session at the time that the second pleadings were filed. It is correct that § 30-5 of the Code of Virginia provides for an extension of time for the filing of "any pleading or the performance of any act relating thereto" until thirty days after the adjournment of the session of the General Assembly. Therefore, had Mr. Deeds been the attorney for the plaintiffs when they originally filed the action on January 16, 1996, the filing of the cause of action would have been timely because § 30-5 would have granted to the plaintiffs a period of thirty days after the General Assembly ended, which was March 11, 1996. The plaintiffs, however, were not represented by a member of the General Assembly at that time. Therefore, when the original action was filed on January 16, 1996, the statute of limitations for filing personal injury actions had expired. There is nothing in the nonsuit statute, § 8.01-229 of the Code of Virginia (1950), as amended, which revives a cause of action for which the statute of limitations had expired prior to the time that the action was originally filed. Section 8.01-229 merely tolls the statute of limitations for actions that have originally been filed within the statute of limitations. There can be no tolling of the statute of limitations if it has already expired as of the time of the initial filing. A tolling statute merely suspends temporarily the running of the statute of limitations. *Dye v. Staley*, 226 Va. 15, 18, 307 S.E.2d 237 (1983). In the instant case there is nothing to suspend because the statute of limitations for a personal injury action had already run when the suits were refiled. Therefore, there was nothing to toll under § 30-5 of the Code of Virginia.

Accordingly, the plea of the statute of limitations in both cases is sustained.