## CIRCUIT COURT OF FAIRFAX COUNTY

Banc of America
Leasing & Capital

v.

ePLUS Group

April 18, 2006

Case No. CL-2005-2803

BY JUDGE MARCUS D. WILLIAMS

The Defendant's Motion to Reconsider this Court's denial of Defendant's Motion to File an Amended Answer and Grounds of Defense is hereby denied for the reasons stated herein. Please find an order to this effect attached.

*Background*

On March 31, 2006, this Court denied Defendant's Motion to File an Amended Answer and Grounds of Defense. At that time, the trial was set for April 24, 2006. Subsequently, one of Defendant's attorneys became seriously ill and trial was rescheduled for June 26, 2006. Because of this delay in the trial date, Defendant now seeks to have this Court reconsider its March 31st ruling.

*Facts*

Defendant sought to amend its Answer and Grounds of Defense to include the new theories that the Program Agreement between the parties was orally modified and that certain representations and warranties concerning the Assignment were not made by Defendant to the Plaintiff. Previously, the

Defendant had admitted to the representations and warranties concerning the Assignment and had never claimed oral modification of the Program Agreement. Defendant argued that these new theories had just now come to light due to Plaintiff's February 21, 2006, discovery responses.

The Court denied Defendant's Motion to Amend as untimely and unduly prejudicial to the Plaintiff.

## Analysis

In determining whether or not to permit an amendment to an answer or grounds of defense, the Court balances the prejudices faced by each party in the granting or denial of the amendment. *Dively v. Sawmiller*, 34 Va. Cir. 486 (Fairfax 1994). The relevant prejudice, in terms of the plaintiff, is that prejudice which is suffered by the plaintiff because the defendant did not initially assert his new theories and defenses. *Id.* at 487. Conversely, from the perspective of the defendant, the relevant prejudice is that which defendant will suffer as a result of not being allowed to amend.

Plaintiff would be prejudiced if the amendments were allowed because new discovery would be required. At this point in the litigation, written discovery has been exchanged and completed and depositions of the main fact witnesses are complete. Defendant offers to let Plaintiff re-depose Defendant's main fact witnesses, in-house counsel, and expert if the amendments were granted. This does not take into account Plaintiff's right to send interrogatories and document requests targeted to what would be new factual issues in the case. Assuming *arguendo* that the discovery deadline in the case was extended with the trial deadline, Plaintiff would only have a month to propound and receive answers to new written discovery requests and re-depose witnesses. This is not sufficient time given the magnitude of the proposed changes. As such, the Plaintiff would be substantially prejudiced by the proposed amendments if they were to be allowed.

Defendant points out that Plaintiff's additional discovery costs are negligible when compared to the amount of money Defendant stands to lose in this case. However, the prejudice stems not from the costs of new discovery but from the fact that new discovery cannot be reasonably conducted and finished before the new trial date. Abridging Plaintiff's rights to discovery, as Defendant suggests, by only permitting Plaintiff to re-depose Defendant's fact witnesses, is also, as stated above, a great prejudice, particularly in light of the fact that Defendant, as a party to the agreements at issue, should have had actual knowledge of the theories and defenses that it seeks to add as far back

382

as 2001 and 2004 and had two prior opportunities to assert these new theories and defenses in its initial answer and its Amended Answer in response to Plaintiff's Amended Motion for Judgment.

For the aforementioned reasons, this Court denies Plaintiff's Motion to Reconsider.