# CIRCUIT COURT OF FAIRFAX COUNTY

Banc of America
Leasing and Capital, L.L.C.

v.

ePLUS Group, Inc.

## Case No. CL-2005-2803

June 27, 2006

BY JUDGE JONATHAN C. THACHER

This matter came on June 23, 2006, for a hearing on Plaintiff's Second Motion in Limine. After considering counsels' arguments and briefs and reviewing the applicable law, the Court reaches the findings and conclusions stated below.

## I. *Background*

Plaintiff Banc of America Leasing and Capital, L.L.C. ("BALC") and defendant ePlus Group, Inc. ("ePlus") are parties to a financing Program Agreement under which BALC provided financing to ePlus for third-party lease transactions. In March 2004, ePlus leased computer equipment to Cyberco Holdings, Inc. ("Cyberco"). ePlus then assigned its rights to the rental/lease payments under that contract to BALC. In the Agreement, ePlus made certain warranties and representations, including that the computer equipment would be "as described in the contract, invoice, or purchase order." See AMFJ, ¶ 16. However, BALC alleges that the computer equipment was not "as described," but rather was nothing more than "blinky boxes," metal shells with lights installed to appear like real computer equipment. See AMFJ, ¶¶ 17-20. BALC is now suing ePlus for breach of its warranties and representations.

## II. *Discussion*

Plaintiff BALC makes three arguments in support of its Second Motion in Limine. The first two were ruled upon as reflected in this Court's Order of June 23, 2006. The third was taken under advisement.

On June 23, 2006, the Court ordered that ePlus made representations and warranties in the Financing Program Agreement to BALC in the transaction at issue in this litigation and that BALC relied on those representations and warranties notwithstanding any due diligence review undertaken by BALC. It is the law of this case that ePlus is prohibited from introducing any evidence regarding due diligence or that BALC did not rely on ePlus' representations and warranties in entering this transaction.

On June 23, 2006, the Court further ordered that, even if the transaction is deemed to be a secured loan, BALC is entitled to any U.C.C. remedies and any other legally cognizable remedies, which may include the remedies under the Financing Program Agreement.

As to the third argument, however, the Court disagrees with Plaintiff. Defendant ePlus intends to argue that the warranty (f) in the Agreement only applies to lessor fraud and not lessee fraud. Defendant intends to offer extrinsic evidence to clause (f) to modify the "as described" warranty in clause (h) and thereby argue that Cyberco's fraud affects ePlus' warranty and representations as per the Agreement. Plaintiff argues that ePlus should be precluded from making this aforementioned argument.

The Commonwealth of Virginia recognizes choices of law bargained for between parties. *Hitachi Systems Corp. v. webMethods*, 60 Va. Cir. 79, 82 (2002) (citations omitted). In the instant case, the parties have agreed to use California substantive law. Parol evidence is considered a substantive issue, and, therefore, California law governs the admissibility of parol evidence in this case. *Id.* (citations omitted). California rejects the plain meaning test and instead requires at least preliminary consideration of all credible evidence offered to prove the intention of the parties. *Pacific Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 36-40, 442 P.2d 641, 643-45 (1968) (citations omitted). Accordingly, although the court makes no finding as to the merits of the issue, BALC's third argument is rejected and ePlus is not at this juncture precluded from making this argument.

### III. *Conclusion*

Plaintiff's Motion in Limine to preclude Defendant ePlus from arguing that it need not honor its representations in the event of Cyberco fraud is denied.

### *Order*

This matter came to be heard upon the 23rd day of June 2006 upon the Plaintiff's Second Motion in Limine. It appears to the Court that two of the three arguments advanced by Plaintiff were ruled upon as reflected in this Court's Order of June 23, 2006; however, Plaintiff's third argument was taken under advisement after oral argument on June 23, 2006. It appears to the Court, for the reasons set forth in its opinion letter dated June 27, 2006, that the Court disagrees with Plaintiff's third argument. It is therefore adjudged, ordered, and decreed that the Plaintiff's third argument contained in its Second Motion in Limine, as described in this Court's opinion letter dated June 27, 2006, is rejected, and the Plaintiff's Second Motion in Limine is denied as to that issue only.

July 17, 2006

By Judge Marcus D. Williams

The Defendant's Second Motion for Reconsideration of this Court's denial of Defendant's Motion to File an Amended Answer and Grounds of Defense is hereby denied for the reasons stated herein.

### *Background*

On March 31, 2006, this Court denied Defendant's Motion to File an Amended Answer and Grounds of Defense. At that time, trial was set for April 24, 2006. Subsequently, one of Defendant's attorneys became seriously ill and trial was rescheduled for June 26, 2006. Because of this delay in the trial date, Defendant sought to have this Court reconsider its March 31st ruling. Defendant's Motion for Reconsideration was denied on April 18, 2006.

On June 20, 2006, the trial was again continued so as to allow for the deposition of a material witness who was previously unavailable. The witness in question had been under indictment and so was unable to testify. In late June, the plaintiff learned that the witness had pleaded guilty in Michigan to

the crimes with which he was charged and had agreed to testify by videotape at trial. Defendant filed its Second Motion for Reconsideration on June 26, 2006.

## Facts

Defendant still seeks to amend its Answer and Grounds of Defense to include the new theories that the Program Agreement between the parties was orally modified and that certain representations and warranties concerning the Assignment were not made by Defendant to the Plaintiff. Previously, the Defendant had admitted to the representations and warranties concerning the Assignment and had never claimed oral modification of the Program Agreement. Defendant argued that these new theories first came to light due to Plaintiff's February 21, 2006, discovery responses. The Court denied Defendant's Motion to Amend as untimely and unduly prejudicial to the Plaintiff.

Subsequent to this ruling, and the Court's denial of Defendant's First Motion for Reconsideration, Judge Keith, on June 9, 2006, granted Plaintiff's motion to exclude the Term Sheet from evidence. On June 23, 2006, Judge Thacher, ruling on a motion *in limine,* held that the law of the case was that the Defendant had the made the representations and warranties set forth in the Financing Program Agreement and that Plaintiff had relied on those representations and warranties, notwithstanding any due diligence review undertaken by Plaintiff. Judge Thacher further held that Defendant was precluded from introducing any evidence regarding due diligence or that Plaintiff did not rely on Defendant's representations and warranties in entering this transaction.

## Analysis

In determining whether or not to permit an amendment to an answer or grounds of defense, the Court balances the prejudices faced by each party in the granting or denial of the amendment. *Dively v. Sawmiller,* 34 Va. Cir. 486 (Fairfax 1994). The relevant prejudice, in terms of the plaintiff, is that prejudice which is suffered by the plaintiff because the defendant did not initially assert his new theories and defenses. *Id.* at 487. Conversely, from the perspective of the defendant, the relevant prejudice is that which defendant will suffer as a result of not being allowed to amend.

In denying the Defendant's First Motion for Reconsideration, the Court found that Defendant's discovery of its "new" theory was untimely[1] and that Plaintiff would have been significantly prejudiced if the discovery deadline had been extended with the trial deadline, leaving Plaintiff with approximately one month in which to conduct new discovery. The situation has not changed in the time between the denial of the Defendant's First Motion for Reconsideration and the submission to the Court of its Second Motion for Reconsideration. The addition of the "new" theory remains untimely and Plaintiff would still be prejudiced by having to conduct discovery on substantially new issues about a month before trial. The time line is comparable, trial is set for September 12, 2006. If the discovery deadline were to be extended here,[2] discovery would close August 12, 2006, again leaving Plaintiff with about a month to conduct discovery on what would be substantially new issues in the case.

Furthermore, orders have now been entered in the case which would be rendered nullities if Defendant were to be allowed to amend. As stated above, on June 9, 2006, Judge Keith excluded the Term Sheet from evidence and on June 23, 2006, Judge Thacher held that the law of the case was that the Defendant had made the representations set forth in the Program Agreement and that Plaintiff had relied on those representations in entering the agreement. If Defendant were allowed to amend its Answer to include new defenses based in part upon the Term Sheet, Judge Keith's ruling would be negated. In its original Motion to Amend, Defendant averred that its new defenses were based in part on the Term Sheet. See Defendant's Reply to Plaintiff's Opposition to Motion to Amend Answer and Grounds of Defense in which Defendant stated that its new defenses are based in part on the Term Sheet. Similarly, Judge Thacher's ruling would also be eviscerated if Defendant were allowed to amend its answer to include defenses that attacked the Plaintiff's reliance on the Program Agreement. Similarly, the point of the changes Defendant hoped to make in amending its answer and grounds of defense is, in part, to challenge the

---

[1] Defendant admitted at the hearing on its Motion to Amend its Answer and Grounds of Defense that it had possession of the documents which formed the basis of its "new" theory since March 2004.

[2] Plaintiff avers discovery in the case is complete. On page 4 of its memorandum in opposition Plaintiff asserts that, when the trial was continued to September 12, "[d]iscovery was not reopened and counsel for the parties agreed that, with the exception of the taking Mr. Horton's testimony and the filing of objections to witnesses and exhibit lists, the procedural posture of the case remained unchanged."

application of the warranties and representations made in the Program Agreement which Judge Thacher specifically held Defendant was precluded from doing.

For the aforementioned reasons, this Court denies Plaintiff's Motion to Reconsider.

REPORTER'S NOTE: Earlier proceedings in this case are reported at 70 Va. Cir. 380.