## Richmond

### GAIL D. HURDLE V. WARNER PRINZ, ET AL.

June 10, 1977.
Record No. 760569.
Present: All the Justices.

### BARBARA J. FOELAK V. GEORGE MEIHM.

June 10, 1977.
Record No. 761095.
Present: All the Justices.

*Laurence G. Roman (Joseph Semo; Roman, Davenport, Lechner, Seifman and Sando,* on brief), for plaintiff in error.

*Griffin T. Garnett, III; John K. Coleman (Norman F. Slenker; Garnett & Kostik; Slenker, Brandt, Jennings & O'Neal,* on brief), for defendants in error. (Record No. 760569)

*Wayne D. Berthelsen* for plaintiff in error.

*Lowry J. Miller (Miller, Miller, Patterson & Reese,* on brief), for defendant in error. (Record No. 761095)

COMPTON, J., delivered the opinion of the Court.

For purpose of review we consolidated the appeals of these two tort actions, which were decided by different trial courts but present a common issue. In each case, the personal injury cause of action accrued while the plaintiff was a minor and before the operative date of the 1972 statute lowering the age of majority; we here examine the effect of that statute upon the time when

the two-year statute of limitations applicable to both actions began to run.

In one case, appellant Gail D. Hurdle, born July 13, 1954, alleged defendants Warner Prinz, M.D. and The Arlington Hospital were guilty of medical malpractice occurring in October 1961 when she was seven years of age. On July 1, 1972, when the plaintiff was 17 years, 11 and one-half months old, Code § 1-13.42 became effective lowering the age of majority from 21 years to 18.[1] Her suit was filed on September 10, 1974, more than two years after she reached the age of 18 on July 13, 1972. The trial judge sustained defendants' plea of the statute of limitations holding the applicable statute, Code § 8-24,[2] construed in the light of the saving provisions of Code § 8-30,[3] began to run on Hurdle's claim when she attained the age of eighteen. We granted the plaintiff a writ of error to the January 5, 1976 order dismissing her action.

In the other case, appellant Barbara J. Foelak, born February 27, 1954, alleged the negligence of appellee George Meihm caused her to sustain damages in a motor vehicle collision which occurred July 27, 1971 when plaintiff was 17 years of age. The

---

[1]"§ 1-13.42. Age of majority. — (a) Unless a different meaning appears from the context:

"(1) The words '*infant,*' '*child,*' '*minor,*' '*juvenile*' or any combination thereof shall be construed to mean a person under eighteen years of age.

"(2) When used to mean or include disability because of age, the term '*person under disability*' shall be construed to mean or include a person under eighteen years of age.

"(3) The word '*adult*' shall be construed to mean a person eighteen years of age or over.

"(4) The word '*infancy*' shall be construed to mean the state of being under eighteen years of age.

"(b) For the purposes of all laws of the Commonwealth including common law, case law and statutory law, unless an exception is specifically provided in this Code, a person shall be an adult, shall be of full age and shall reach the age of majority when he becomes eighteen years of age. (1972, cc. 824, 825)."

[2]Code § 8-24, in pertinent part, provided:

"Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued."

[3]Code § 8-30, insofar as relevant here, provided:

"§ 8-30. Saving as to persons under disability. — If any person to whom the right accrues to bring any such personal action . . . shall be at the time the same accrues, an infant, . . . the same may be brought within the like number of years after his becoming of full age, . . . that is allowed to a person having no such impediment to bring the same after the right accrues, . . . except that it shall in no case be brought after twenty years from the time when the right accrued."

statute lowering the age of majority became effective when Foelak was 18 years and four months old. Her suit was filed January 22, 1975, more than two years after § 1-13.42 became effective. The court below sustained Meihm's plea of the statute of limitations, holding the two-year statute began to run on Foelak's claim on July 1, 1972. We granted her a limited writ of error to the April 28, 1976 order of the trial court dismissing her action.

The question presented in each case is: When did the applicable limitation on the respective rights to sue begin to run?

■ We begin with the proposition, accepted by both plaintiffs, that minority is not a vested right but a legal status susceptible to change by the legislature. *Mack* v. *Mack*, 217 Va. 534, 537, 229 S.E.2d 895, 897 (1976); *Meredith* v. *Meredith*, 216 Va. 636, 638, 222 S.E.2d 511, 512 (1976). Thus, the plaintiffs' status properly had been changed by the enactment of § 1-13.42. Therefore, since these plaintiffs had no right to, and did not, remain minors until they reached the age of 21, we must look further, in light of the plaintiffs' arguments, to determine whether they, or either of them, were entitled under any proper construction of the other relevant statutes, to postponement of the running of the limitation until they reached 21.

Plaintiffs jointly contend that because their causes of action accrued before the age of majority was lowered on July 1, 1972 to 18, the law in force at the time of accrual controlled the date from which the statute of limitations commenced to run on their right to sue. They urge that since the common law age of majority was 21 when their respective claims accrued, the statute of limitations did not begin to run until they reached that age. Accordingly, and because the limitation in both cases was two years, Hurdle claims she had until July 13, 1977 to bring her suit; Foelak argues her suit would have been timely if filed by February 27, 1977. The main thrust of each plaintiff's argument is that the trial court erred by applying the age of majority statute so as to reduce the time within which the suits could be filed, in Hurdle's case from July 13, 1977 to July 13, 1974 and in Foelak's case from February 27, 1977 to July 1, 1974. Each contends that the respective trial courts erred in giving, according to the plaintiffs, retroactive effect to the 1972

enactment, contrary to the provisions of Code § 1-16 which provides for the prospective application of new laws.[4]

Additionally, Hurdle contends she acquired a *right* under the saving provisions of § 8-30, note 3 *supra*, to sue on these claims during the two-year period after she became 21. The argument, as we understand it, is that at common law there was a right to sue, but no "saving clause"; thus, when § 8-30 was enacted, a "new common-law right" came into existence with its own limitation appended. Consequently, the plaintiff theorizes, citing *United States Fidelity and Guaranty Co.* v. *Blue Diamond Coal Co.*, 161 Va. 373, 379, 170 S.E. 728, 730 (1933), this case falls within the rule that where a statute confers a right for the first time and, at the same time, fixes a period within which the right may be enforced, the limitation is of the right and becomes fixed when the cause of action accrues; such limitation, the plaintiff points out, is not merely of the procedural remedy, susceptible to statutory change.

We do not agree with the contentions of either plaintiff and affirm both rulings below.

■ We first address the argument based on § 8-30. An examination of the language of the statute demonstrates the rule relied on by Hurdle does not apply here. The statute creates no new right. The first clause, "[i]f any person to whom the right accrues to bring any such personal action", by its very terms refers to a pre-existing right established outside § 8-30, and not to any separate and distinct right born within the statute itself. Furthermore, the statute also provides the action may be brought within the same limitation period, after the claimant becomes "of full age", which is allowed to a person not under disability. Section 1-13.42(b), note 1 *supra*, specifies a person "shall be of full age" when she becomes eighteen years of age. So, in no event can § 8-30 properly be read to delay until age 21 the running of the limitation in these cases.

■ To support their joint argument that the courts below erred in applying retroactively the age of majority statute, plaintiffs rely on *Ferguson* v. *Ferguson*, 169 Va. 77, 192 S.E. 774

[4] § 1-16 in pertinent part provided:
"No new law shall be construed to repeal a former law, as to . . . any right accrued, or claim arising under the former law . . . or in any way whatever to affect . . . any right accrued, or claim arising before the new law takes effect. . . ."

(1937). As we shall demonstrate, *infra*, there has been no retrospective application of that statute, but for the moment we will assume their basic conclusion is correct. Nevertheless, *Ferguson* is inapposite.

There, a bill to impeach a will had been filed about 18 months after entry of the order of probate. At the time of probate the limitation for filing such bill was two years after probate. Subsequent to probate, and before the bill was filed, the statute of limitations was lowered to one year. We decided the trial court properly overruled a plea that the one-year limitation applied, stating the General Assembly, in what is now Code § 1-16, had expressly approved the rule of construction that new statutes are usually presumed to operate prospectively. 169 Va. at 85, 192 S.E. at 776. But the feature distinguishing *Ferguson* from the case *sub judice* is that we held the statute of limitations in *Ferguson* conferred upon persons affected by the probate of a will both a right of action and a remedy; we stated that upon probate of the will a right accrued to such persons "to assert their claims thereunder, or to file, within two years, a bill to impeach it." 169 Va. at 87-88, 192 S.E. at 777. The statutes affecting limitations here, § 8-24 and § 8-30, are of the remedy only and procedural; the plaintiffs acquired no vested right therein at the time their causes of action accrued. Consequently, and since § 1-13.42 deals with a status and not a right, *Ferguson*, and the portions of § 1-16 relied on by plaintiffs, have no application to this case, even assuming retroactive application of § 1-13.42. *See Walke* v. *Dallas, Inc.*, 209 Va. 32, 161 S.E.2d 722 (1968).

■ But, as we have already indicated, we hold there has been no retroactive application of § 1-13.42 in these cases. Hurdle was less than 18 years old when the statute took effect on July 1, 1972. The new law did not affect her until 13 days later, when she reached her 18th birthday; she had two years from that date to bring her suit. Foelak was more than 18 when the new statute became effective on July 1, 1972; on that day, for the purposes of § 8-30, she reached her "full age" and she had the whole two years from that date in which to file her suit. In both cases, the plaintiffs, as the result of this prospective application of the 1972 statute, were afforded reasonable opportunities to sue on their respective causes of action which had accrued before the statute became effective. *See Arnold* v. *Davis*, 503 S.W.2d 100 (Tenn.

1973); *Feest v. Allis-Chalmers Corp.*, 68 Wis.2d 760, 229 N.W.2d 651 (1975).

Accordingly, we find no error in the action of either trial court and the judgments appealed from in these cases will be

*Affirmed.*