MARTHA HEWITT, ADMINISTRATRIX, ETC.

V.

VIRGINIA HEALTH SERVICES CORP., T/A, ETC., ET AL.

Record No. 890534

April 20, 1990

Present: All the Justices

*James W. Parker (Parker & Hunter*, on brief), for appellant.
*C. Flippo Hicks (Martin, Hicks & Ingles*, on brief), for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

The sole issue that we consider in this appeal is whether the trial court erred when it dismissed the appellant's wrongful death action against the appellees (health care providers) because the notice of medical malpractice was not sent by registered or certified mail.

Appellant's decedent, Eliza Smith, was a patient at Walter Reed Convalescent Center (the Center) in Gloucester County, Virginia.[1] She had been diagnosed as suicidal. Smith attempted to drown herself at the Center on February 9, 1986. Her attempted suicide was recorded in the Center's nursing notes. On June 11, 1986, an employee of the Center discovered her body. The report of an autopsy performed on Smith's body attributed the death to drowning.

Martha Hewitt qualified as the administratrix of Smith's estate. On July 22, 1986, Hewitt's attorney mailed a letter to Hal Borque, the Center's director. Neither the Center nor Borque objected to this purported notice.[2]

This wrongful death action was filed against Borque and the Center in 1987. They filed grounds of defense and propounded interrogatories to Hewitt. The litigants engaged in extensive discovery. On September 16, 1988, approximately one year and four months after this action had been filed, Borque and the Center filed a motion to dismiss. The sole basis of their motion was that

---

[1] Appellee Virginia Health Services Corporation does business under the fictitious name of Walter Reed Convalescent Center.

[2] Counsel for the Center and Borque argued at the bar of this Court that the July 22, 1986 letter did not constitute a notice of claim, but was merely a letter of representation that Hewitt's attorney sent to potential defendants. Appellees further argue that if the letter does constitute notice, then the notice was inadequate. However, these issues were not raised in the trial court and cannot be raised for the first time on appeal. Rule 5:25.

the July 22, 1986 notice was not sent by registered or certified mail. They admit, however, that they received the notice. The trial court heard argument of counsel on January 12, 1989 and dismissed the lawsuit because Hewitt failed to comply with Code § 8.01-581.2 which requires written notification mailed by certified or registered mail before the filing of a lawsuit. The trial court concluded that Code § 8.01-581.2 is jurisdictional, cannot be waived, and can be raised at any time.

 We disagree with the trial court. The failure to serve the notice of claim properly does not affect the trial court's subject matter jurisdiction. The method of service of a claim specified in Code § 8.01-581.2 is a procedural requirement which is deemed waived if an objection is not timely raised.

> [T]he Code of Virginia gives circuit courts jurisdiction to resolve cases and controversies involving torts. This is unquestionably a statutory grant of subject matter jurisdiction. Medical malpractice claims are tort claims. The Virginia General Assembly has enacted certain procedures for the prosecution of claims of this type. These procedures include the notice of claim, a waiting period for filing suit, the right to a malpractice review panel prior to a court proceeding, use of the opinion of the panel, and extensions of statutory filing limitations under certain conditions. In our opinion, none of these procedural requirements involves subject matter jurisdiction.

*Morrison* v. *Bestler*, 239 Va. 166, 172, 387 S.E.2d 753, 757 (1990).

 The Center and Borque received the notice of claim in July, 1986. They filed responsive pleadings to the motion for judgment and engaged in discovery for approximately 16 months before raising the defense of improper service of the notice of claim. Under these circumstances, the Center and Borque are deemed to have waived their objections to the method of service. Accordingly, the judgment of the trial court will be reversed, and the case will be remanded for further proceedings.

*Reversed and remanded.*