## CIRCUIT COURT OF FAIRFAX COUNTY

Clokey

v.

Austin

December 27, 1993

Case No. (Law) 126766

BY JUDGE F. BRUCE BACH

This matter is before the Court on Austin's Plea in Bar. Austin challenges Clokey's right to bring this action alleging a statute of limitations bar. Upon consideration of counsel's arguments, both oral and written, the Court overrules the Plea in Bar.

The statute of limitations in effect in March 1985, Va. Code § 8.01–243(A), required personal injury actions to be brought within two years of the date of injury. Under this subsection the cause of action accrued on the date of injury. The 1986 modification to this statute added § 8.01–243(C) which "extended" the two-year limitations period specified in subsection A in malpractice actions:

> arising out of a foreign object having no therapeutic or diagnostic effect being left in a patient's body, for a period of one year from the date the object is discovered or reasonably should have been discovered . . . . However, the provisions of this subsection shall not apply to extend the limitations period beyond ten years from the date the cause of action accrues.

Subsection C does not affect the accrual date.

The issue at bar is whether this modification applies retroactively to a cause of action which had accrued but was not time barred as of the effective date of the modification.

Virginia follows the principle that a substantive statute, which creates a cause of action, is prospective absent clear legislative intent to the contrary, *Ferguson v. Ferguson*, 169 Va. 77, 87 (1937); but a pro-

cedural statute, which affects only the assertion of an pre-existing right, is applied retroactively. *Foelak v. Meihm*, 218 Va. 134 (1977).

The statute in question, § 8.01–243, limits the remedy available for a common law tort action and is purely procedural. The rule in *Ferguson* is therefore inapplicable. Section 8.01–243(C) applies retroactively to all causes of action not time-barred as of the effective date of the modification. Furthermore, a strictly proactive application of subsection C would circumvent the General Assembly's intent, to lessen the severity of § 8.01–243's application where the injury is not likely to be readily diagnosed.

Clokey's cause of action was not barred as of July 1, 1986, the effective date; therefore, Austin's interest in the limitation had not yet vested. Section 8.01–243(C) extended the statutory period thereby rendering this matter timely-filed.