Present: Carrico, C.J., Compton, Stephenson, Whiting,[1] Lacy,
Hassell, and Keenan, JJ.

HEATHER HARRIS

v.  Record No. 941410    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    September 15, 1995
MICHAEL DIMATTINA, M.D.,
ETC., ET AL.

                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      William T. Newman, Jr., Judge


ROBERT E. CUMBERLAND

v.  Record No. 941923

O. RILEY BOONE, M.D., ET AL.


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                      William Shore Robertson, Judge


     In these appeals of judgments entered in medical malpractice

actions, we consider whether the trial courts erred in sustaining

pleas of the statute of limitations.  The parties in both cases

agree that the two-year limitation of Code § 8.01-243(A) applies.

 They disagree regarding the effect of the 1993 amendment to Code

§ 8.01-581.2, which eliminated the "notice of claim" requirement,

and the effect of the repeal of former Code § 8.01-581.9, which

contained certain tolling provisions.

     Prior to its amendment in 1993, former Code § 8.01-581.2

provided, in part:

          No action may be brought for malpractice against a

_____

     [1]Justice Whiting participated in the hearing and decision of

this case prior to the effective date of his retirement on August

12, 1995.

health care provider unless the claimant notifies the
health care provider in writing . . . prior to
commencing the action. . . .  The claimant or health
care provider may within sixty days of such
notification file a written request for a review by a
medical malpractice review panel . . . .  No actions
based on alleged malpractice shall be brought within
ninety days of the notification by the claimant to the
health care provider and if a panel is requested within
the period of review by the medical review panel.

Effective July 1, 1993, that section was amended to delete the
requirement that a notice of claim be filed prior to filing a
malpractice action against a health care provider.  Acts 1993,
ch. 928.

Before its repeal effective July 1, 1993, Acts 1993,

ch. 928, former Code § 8.01-581.9 provided, in part:
The giving of notice of a claim pursuant to
§ 8.01-581.2 shall toll the applicable statute of
limitations for a period of 120 days from the date such
notice is given, or for 60 days following the date of
issuance of any opinion by the medical review panel,
whichever is later.

Although these appeals involve common questions of law,
their procedural histories differ substantially.  Therefore, we
describe them separately.

HARRIS v. DIMATTINA

Heather Harris alleged that she suffered damages from
medical malpractice occurring on July 15, 1991.  On July 13,
1993, Harris mailed a notice of claim, pursuant to former Code
§ 8.01-581.2, to Michael DiMattina, M.D., trading as Michael
DiMattina, M.D., P.C., and his employer, Dominion Fertility and
Endocrinology Institute (collectively, DiMattina).  In her notice

of claim, Harris alleged that DiMattina failed to give her proper treatment in connection with certain surgical procedures and postoperative care.  No party requested a medical malpractice review panel.

Harris filed her motion for judgment on October 26, 1993. DiMattina then filed a motion to dismiss, arguing that Harris's claim was barred by the two-year statute of limitations.

DiMattina asserted that Harris could not rely on the tolling provisions of former Code § 8.01-581.9, because its repeal constituted a procedural change in the law.  He argued that, under Code § 8.01-1, procedural statutory changes apply to causes of action arising before, as well as after, the effective date of the changes.  The trial court held that DiMattina was correct and granted the motion to dismiss.  The trial court further observed:  "Plaintiff filed the notice of claim within the two (2) year statute of limitations and after the new law was in effect.  The Motion for Judgment could have been filed on time."

CUMBERLAND v. BOONE

Robert E. Cumberland alleged that he was injured during surgery performed on November 27, 1990, and during follow-up care continuing through January 9, 1991.  He filed a notice of claim on December 2, 1992, alleging medical malpractice committed by O. Riley Boone, M.D., Thomas J. Gates, M.D., Loudoun Surgical Associates, Ltd., John H. Cook, III, M.D., Russell McDow, M.D., and Loudoun Hospital Center (collectively, Boone).  Thereafter,

- 3 -

certain defendants requested a medical malpractice review panel. The review panel hearing was held on September 10, 1993, and the panel rendered its opinion on that date.

On November 4, 1993, Cumberland filed a motion for judgment against Boone, who filed a special plea asserting that Cumberland's action was barred by the two-year statute of limitations. Boone argued that, under Code § 8.01-1, the repeal of former Code § 8.01-581.9 (the repeal provision) applied to Cumberland's cause of action. He contended that, once the tolling provisions of former Code § 8.01-581.9 were repealed, Cumberland was required to file his motion for judgment within the unexpired portion of the two-year limitation period. The trial court granted the motion to dismiss for the reasons advanced by Boone, concluding that "[w]ith the repeal of . . . Code [§] 8.01-581.9[,] plaintiff's Motion for Judgment is barred by the statute of limitations."

### PROCEDURAL PROVISIONS

To resolve these appeals, we first must determine whether the statutory provisions at issue are procedural or substantive in nature. This distinction is central to our inquiry, because Code § 1-16 and Code § 8.01-1 limit the applicability of new statutes, depending on the category into which they fall.

In Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753 (1990), we described the notice of claim and the tolling provisions as procedural in nature. We stated that

[t]he Virginia General Assembly has enacted certain

procedures for the prosecution of [medical malpractice claims].  These procedures include the notice of claim, a waiting period for filing suit, the right to a malpractice review panel prior to a court proceeding, use of the opinion of the panel, and extensions of statutory filing limitations under certain conditions.

. . . .

All these procedural requirements . . . were formulated to provide the defendant with adequate notice of the nature of the claim, to assist the parties in case preparation, and to encourage settlement prior to trial.

Id. at 172–73, 387 S.E.2d at 757.  See also Hewitt v. Virginia Health Servs. Corp., 239 Va. 643, 645, 391 S.E.2d 59, 60 (1990). In accord with this explanation, we hold that former Code §§ 8.01–581.2 and –581.9, as well as the repeal provision, are procedural in nature, since they control only the method of obtaining redress or enforcement of rights and do not involve the creation of duties, rights, and obligations.  See Shiflet v. Eller, 228 Va. 115, 120, 319 S.E.2d 750, 753–54 (1984).

Because Code §§ 8.01–581.2 and –581.9 prescribed only the procedural aspects of a remedy, they could, at the will of the legislature, be amended or repealed, as long as reasonable opportunity and time were provided to preserve substantive or vested rights.  Walke v. Dallas, Inc., 209 Va. 32, 36, 161 S.E.2d 722, 724 (1968); Duffy v. Hartsock, 187 Va. 406, 416, 46 S.E.2d 570, 574 (1948).  Further, since these former statutes were procedural, rather than substantive, in nature, neither plaintiff acquired any vested right in these statutes at the time their causes of action accrued.  See Fletcher v. Tarasidis, 219 Va.

658, 661, 250 S.E.2d 739, 740 (1979); Hurdle v. Prinz, 218 Va. 134, 139, 235 S.E.2d 354, 357 (1977); Phipps v. Sutherland, 201 Va. 448, 453, 111 S.E.2d 422, 426 (1959).

### HARRIS

Harris argues that, pursuant to Code § 1-16, the repeal provision and the 1993 amendment to Code § 8.01-581.2 (collectively, the 1993 enactments) apply only to causes of action arising on or after July 1, 1993. She asserts that Code § 1-16 establishes a statutory presumption that all statutes operate prospectively, absent a clearly expressed legislative intent to the contrary. Since neither of the 1993 enactments contained any language indicating that it applied to existing causes of action, Harris contends that her claim is not subject to either provision. We disagree.

> Code § 1-16 provides, in relevant part:
> No new law shall be construed to repeal a former law, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings . . . .
> (Emphasis added.)

We apply the above language in the context of our holding that the statutory provisions at issue are procedural in nature. Since Harris acquired no vested right in these procedural statutes, their repeal or amendment did not operate to repeal or

- 6 -

in any way affect any act done, any right accrued, or any claim arising under the former law. Moreover, Harris retained her substantive right of action against DiMattina after the 1993 enactments took effect. Thus, the first part of Code § 1-16, on which Harris relies, is inapplicable. See Hurdle v. Prinz, 218 Va. at 139, 235 S.E.2d at 357.

Instead, since we are dealing with purely procedural provisions, we look to the language highlighted above, which addresses the effect that a new law has on the proceedings in a case. This language sets forth the general rule that such proceedings shall conform to the law in effect on the date the proceedings are conducted. In Harris's case, the proceedings conformed to the terms of the 1993 enactments, which were in force at the time the trial court ruled on DiMattina's motion to dismiss. Thus, we conclude that Code § 1-16 offers no support for Harris's position,[2] and we turn to consider her alternative

_____

[2] In reaching this conclusion, we also observe that Harris's reliance on Ferguson v. Ferguson, 169 Va. 77, 86-88, 192 S.E. 774, 777 (1937), is misplaced. As we explained in Hurdle, Ferguson is inapposite to the analysis of a purely procedural statute, because the statute at issue in that case conferred both a right of action and a remedy. 218 Va. at 138-39, 235 S.E.2d at 356-57. Unlike the statute in Ferguson, both the provision before us and the provision before this Court in Hurdle relate solely to procedural aspects of a remedy.

argument that her case falls within an exception to that general rule.

This exception is set forth in Code § 8.01-1, which provides, in relevant part:

> [A]ll provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural aspects of the remedy) or (ii) may cause the miscarriage of justice.
> (Emphasis added.)

Harris argues that, pursuant to Code § 8.01-1, she was entitled to rely on former Code §§ 8.01-581.2 and -581.9, because the 1993 enactments materially altered her substantive rights. Alternatively, she contends that application of the 1993 enactments to her claim caused a miscarriage of justice. In support of this argument, she asserts that "express statements" of this Court in Turner v. Wexler, 244 Va. 124, 418 S.E.2d 886 (1992), and Baker v. Zirkle, 226 Va. 7, 307 S.E.2d 234 (1983), caused her to rely on the statutes which were in effect on the date her cause of action arose. We disagree with both arguments.

Under Code § 8.01-1, in the limited circumstances set forth in the statute, the trial court is vested with discretionary authority to apply the law that was in effect on the day before the statutory changes occurred. Thus, in order to determine whether the trial court abused its discretion in failing to apply the law that was in effect on the day before the 1993 enactments

took effect, we consider whether either of the statutory circumstances which trigger this exception applies.  Since these two circumstances are worded in the disjunctive, if either circumstance applies, Harris's cause of action is not time barred.

We first examine whether application of the 1993 enactments materially changed any of Harris's substantive rights.  As used in Code § 8.01-1, "materially change" denotes a material curtailment.  Here, Harris could have filed a motion for judgment instead of a notice of claim on July 13, 1993, pursuant to the 1993 amendment to Code § 8.01-581.2.  Therefore, her substantive right to seek damages for the alleged medical malpractice was not materially curtailed.  Since Harris suffered no curtailment of rights as a result of the 1993 enactments, we hold that the first statutory circumstance set forth in Code § 8.01-1 is inapplicable to her claim.

We next consider whether a miscarriage of justice resulted from the trial court's failure to apply the law in effect on June 30, 1993.  Harris argues that she relied on Turner and Baker in following the statutes in effect on the date her cause of action arose.  Therefore, she contends that dismissal of her action resulted in a miscarriage of justice, because she acted in accordance with the law expressed in those cases.  We disagree, because the holdings in those cases are inapposite to the issue before us.

In _Turner_, we held that the defendant professional corporation was not a "health care provider," as defined by the 1986 version of former Code § 8.01-581.1 and, thus, that the defendant was not subject to the tolling provisions of former Code § 8.01-581.9. We were required to apply the version of former Code § 8.01-581.1 in effect at the time the cause of action arose because, under its definition of "health care provider," the defendant had acquired a vested property right in the two-year statute of limitations. This right had accrued when the two-year limitations period expired prior to the date the plaintiff's motion for judgment was filed and prior to the effective date of the 1989 amendment to Code § 8.01-581.1.

In contrast, Harris did not have a vested right in the application of former Code §§ 8.01-581.2 and -581.9, as we have stated above. Therefore, we conclude that _Turner_ provides no support for Harris's argument.

Harris's reliance on _Baker_ is based on a footnote in that opinion which states, "Because the alleged negligence in this case occurred prior to the effective date of the [1982] amendment [to Code § 8.01-581.9], the new statutory language is inapplicable and will not be the subject of further comment in this opinion." 226 Va. at 10 n.1, 307 S.E.2d at 235 n.1. We hold that Harris's reliance on this sentence is misplaced for two reasons.

First, neither party in _Baker_ argued that the 1982 amendment

applied to that case.  The trial court's judgment order was entered in September 1981, well before the date of the legislative enactment amending the statute.  Id. at 10, 307 S.E.2d at 235.  Thus, the issue whether the new provisions applied was not before the trial court or this Court and was not part of our holding in that case.

Second, the holding in Baker is wholly unrelated to the present issue.  We addressed only the question whether the words "toll the applicable statute of limitations," as used in former Code § 8.01-581.9, meant "suspend the running" of the statute of limitations.  Id. at 11, 307 S.E.2d at 235.  Answering yes, we held that, when the plaintiff's notice of claim was filed, the running of the statute of limitations was interrupted and did not resume until the termination of the 60-day period after issuance of the review panel's decision.  Id. at 13, 307 S.E.2d at 237.

Finally, we agree with the trial court's observation that Harris could have filed a motion for judgment instead of a notice of claim on July 13, 1993, a date within the original two-year limitation period.  Therefore, we hold that the trial court did not abuse its discretion in failing to find that Harris suffered a miscarriage of justice, and that the court did not err in sustaining DiMattina's plea of the statute of limitations and in dismissing Harris's action.

CUMBERLAND

We turn now to consider whether Cumberland's case falls

within the statutory exception of Code § 8.01-1.  We address directly the issue whether he has demonstrated a miscarriage of justice, because we conclude that it is dispositive of his appeal.

Cumberland argues that the trial court abused its discretion under Code § 8.01-1 in failing to apply the law that was in effect on June 30, 1993.  He emphasizes the fact that, when the 1993 enactments became effective, his claim was awaiting action by the designated review panel.  Thus, Cumberland asserts, if the repeal provision applied to his cause of action, his right of action was completely foreclosed by lapse of time before the review panel rendered its opinion on September 10, 1993.

In support of his argument, Cumberland states that the tolling provisions of former Code § 8.01-581.9 provided necessary statutory relief from the running of the statute of limitations.  This relief was needed, he asserts, because former Code § 8.01-581.2 prohibited plaintiffs from filing a motion for judgment until 90 days after they had given notice of claim, and after the review panel process, if any, had been completed.  Since he was subjected to these delays imposed by statute when he filed his notice of claim and refrained from filing suit, Cumberland argues that a miscarriage of justice will result if he is denied the benefit of the tolling provisions.

In response, Boone asserts that Cumberland cannot claim that application of the repeal provision left him no opportunity to

preserve his rights by filing suit.  Boone argues that Cumberland could have filed his motion for judgment beginning July 1, 1993, within the unexpired time remaining on the statute of limitations, and that application of the repeal provision does not result in a miscarriage of justice.  Citing Starnes v. Cayouette, 244 Va. 202, 211-12, 419 S.E.2d 669, 674-75 (1992), Boone contends that he, rather than Cumberland, would suffer a miscarriage of justice if Boone is denied his right to rely on the repeal provision and its effect on the running of the statute of limitations.  We disagree with the conclusion urged by Boone.

At the time Cumberland gave his notice of claim, former Code § 8.01-581.2 prohibited him from filing a motion for judgment until after the applicable statutory time period had expired.  As we explained in Baker v. Zirkle, the potential adverse effects of this requirement on a plaintiff's right to bring suit were remedied by the tolling provisions of former Code § 8.01-581.9. 226 Va. at 13, 307 S.E.2d at 236-37.  Thus, prior to July 1, 1993, no plaintiff who was subject to the requirements of former Code § 8.01-581.2 was denied the tolling benefits of former Code § 8.01-581.9.

We believe that application of the repeal provision to Cumberland's case would disrupt this carefully balanced statutory scheme and subject Cumberland to the disadvantage of the former notice of claim requirement, while denying him the intended compensatory benefit of the former tolling provisions.  We

- 13 -

conclude that such a result would constitute a miscarriage of justice.

As we stated in Baker, former Code § 8.01-581.9 was enacted by the General Assembly "[i]n an obvious effort to compensate for [the] restrictions upon a claimant's usual free access to the courts and to provide relief from an otherwise harsh application of the statute of limitations." 226 Va. at 13, 307 S.E.2d at 236-37; see also Wertz v. Grubbs, 245 Va. 67, 71-72, 425 S.E.2d 500, 502 (1993). Our decision here employs that compensatory statute to prevent the imbalance in remedy that would otherwise result from application of the repeal provision.

Although the General Assembly could have enacted a saving clause in its repeal of the tolling provisions, we do not believe that its failure to do so requires a different result. Code § 8.01-1 imposes a duty on the trial court to prevent a manifest injustice in the application of a new provision of law.

This duty is not dependent on the presence of a saving clause in the new provision of law; in fact, the need to exercise this statutory duty is most plainly manifest in a case such as this, when no saving clause was enacted to preserve the original statutory balance. Therefore, we hold that a plaintiff who has given a notice of claim prior to July 1, 1993, pursuant to former Code § 8.01-581.2, is entitled to the compensatory benefit of the tolling provisions of former Code § 8.01-581.9.

We also disagree with Boone's contention that Starnes v.

- 14 -

Cayouette is contrary to our holding here. In Starnes, we held
that the defendant had an enforceable right to rely on a statute
of limitations which had expired before passage of legislation
redefining the accrual date of a cause of action for sexual
misconduct. 244 Va. at 204-05, 212, 419 S.E.2d at 670, 675.
Unlike the defendant in Starnes, Boone did not acquire any such
property right prior to the effective date of the repeal
provision. Thus, application of former Code § 8.01-581.9 does
not divest Boone of any property right already accrued before
July 1, 1993.

For these reasons, we will affirm the trial court's judgment
in favor of DiMattina, and we will reverse the trial court's
judgment in favor of Boone and remand that case for further
proceedings consistent with this opinion.

Record No. 941410 -- Affirmed.
Record No. 941923 -- Reversed and remanded.

JUSTICE LACY, dissenting in part.

I agree with the majority's decision that the statutory
provisions at issue are procedural in nature. I also agree with
the majority's conclusion that applying the statutory changes
that became effective July 1, 1993 to Harris' claim will not
result in a miscarriage of justice. I respectfully dissent,
however, from the conclusion reached by the majority in the
Cumberland case. In my opinion, application of the statutory
changes to Cumberland does not impose a manifest injustice on

- 15 -

him.  Furthermore, the respective circumstances of Harris and Cumberland as of July 1, 1993, do not support the differing dispositions the majority imposes.

Although Cumberland was precluded from filing a motion for judgment during the effective dates of the repealed provisions, that restriction was lifted on July 1, 1993.  No longer was Cumberland required to wait until the medical malpractice review panel issued its decision before he could file his motion for judgment.  After July 1, 1993, the only remaining restriction was that Cumberland file his motion for judgment within the two-year period allowed by the statute of limitations.  The repealed statute had suspended the running of the limitation period. Baker v. Zirkle, 226 Va. 7, 13, 307 S.E.2d 234, 237 (1983); Dye v. Staley, 226 Va. 15, 18, 307 S.E.2d 237, 238-39 (1983). Therefore, the period available to Cumberland in which to file a motion for judgment was that which remained on his limitation period on the date he filed his notice of claim.  Thus, Cumberland had 38 days from July 1, 1993 to file a motion for judgment against Dr. Cook and three days to file against Dr. Boone, Dr. Gates, and Loudoun Surgical Associates, Ltd.  Although Cumberland could have filed his motion for judgment within the appropriate limitation period, he did not.

The failure of a litigant to institute his lawsuit prior to the expiration of the statute of limitations cannot be considered a miscarriage of justice.  Nor is it a miscarriage of justice for

a litigant to be required to comply with a limitation period that has been shortened or altered by the legislature, when, as here, no substantive rights are affected. The Constitution of Virginia postpones the effective date of all newly enacted legislation for several months. Va. Const. art. IV, § 13. See also Code § 1-12. "The manifest purpose of the constitutional provision . . . is to allow litigants a fair opportunity to acquaint themselves with the provisions of the statute enacted at a given session in order to institute and prosecute the appropriate proceeding for the preservation of their rights in accordance therewith." Duffy v. Hartsock, 187 Va. 406, 419, 46 S.E.2d 570, 576 (1948). See also Board of Supervisors v. Brockman, 224 Va. 391, 396, 297 S.E.2d 805, 808 (1982). Thus, Cumberland had several months prior to the revival of his limitation period to prepare the appropriate motions for judgment against the defendants. This notice period, when combined with the days remaining on Cumberland's limitation period, provided Cumberland with a reasonable time in which to preserve his rights by filing motions for judgment against the defendants. See Phipps v. Sutherland, 201 Va. 448, 454, 111 S.E.2d 422, 426-27 (1959). His failure to act does not qualify as a miscarriage of justice.

Furthermore, not only was Cumberland able to pursue his claim in a timely manner once the "disadvantages of the former notice of claim requirement" were removed, he was not deprived of the "intended compensatory benefit of the former tolling

provisions" as the majority concludes. Cumberland did receive the benefit of the tolling provisions from December 2, 1992, the date of his notice of claim, until July 1, 1993. Therefore, I cannot agree with the majority's assertion that Cumberland would be subjected to manifest injustice if required to comply with the current procedural provisions.

Finally, I do not think the circumstances of Harris and Cumberland are sufficiently distinguishable to justify the disparate treatment the majority has imposed upon them. The sole factual difference between the claimants is that Harris did not file a notice of claim before July 1, 1993. Nevertheless, prior to July 1, 1993, both Harris and Cumberland were denied direct access to the courts to pursue their tort claims; they were both subject "to the disadvantage of the former notice of claim requirement." As of July 1, 1993, however, both were relieved of this disadvantage and were free to file a motion for judgment. Harris had 12 days to file before the statute of limitation for her claim expired. Cumberland had 38 days left to file against Dr. Cook and 3 days left to file against the remaining defendants. Accordingly, both Harris and Cumberland could have filed timely motions for judgment after July 1, 1993. Neither did and, therefore, both claims should be barred.