**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHRISTIAN P. NIELSEN,
Plaintiff-Appellant,

v.

RICHARD L. GAERTNER, M.D.,

No. 94-1702

Defendant-Appellee.

VIRGINIA TRIAL LAWYERS
ASSOCIATION,
Amicus Curiae.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-93-1383-A)

Argued: January 30, 1995

Decided: September 18, 1996

Before ERVIN and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Reversed and remanded by published opinion. Judge Ervin wrote the
opinion, in which Judge Motz and Senior Judge Phillips joined.

_____

**COUNSEL**

**ARGUED:** Steven Mark Garver, LAW OFFICES OF STEVEN M.
GARVER, P.C., Reston, Virginia, for Appellant. John J. Brandt,
SLENDER, BRANDT, JENNINGS & JOHNSTON, Merrifield, Vir-

ginia, for Appellee. **ON BRIEF:** Cheryl G. Rice, LAW OFFICES OF STEVEN M. GARVER, P.C., Reston, Virginia, for Appellant. Benjamin W. Glass, III, VIRGINIA TRIAL LAWYERS ASSOCIATION, Richmond, Virginia, for Amicus Curiae.

_____

## OPINION

ERVIN, Circuit Judge:

Christian P. Nielson, the plaintiff-appellant in this Virginia medical malpractice case, appeals from a grant of summary judgment by the district court dismissing his action on the ground that it was barred by the two year statute of limitations. We reverse and remand for the reasons hereinafter set forth.

I.

Nielson's cause of action arose as a result of alleged medical malpractice on the part of the defendant-appellee, Richard L. Gaertner, M.D., occurring between January 16 and March 1, 1991. Pursuant to Virginia Code § 8.01-581.2,[1] Nielsen filed his notice of claim on Jan-

_____

[1] Prior to its amendment in 1993, former Code § 8.01-581.2 provided in part:

> No action may be brought for malpractice against a health care provider unless the claimant notifies the health care provider in writing . . . prior to commencing the action. . . . The claimant or health care provider may within sixty days of such notification file a written request for a review by a medical malpractice review panel . . . . No actions based on alleged malpractice shall be brought within ninety days of the notification by the claimant to the health care provider and if a panel is requested within the period of review by the medical review panel.

See Virginia Medical Malpractice Act, Code of Virginia, 1950, § 8.01-581.1 et seq. (hereinafter "Code").

Effective July 1, 1993, the section was amended to delete the requirement that a notice of claim had to be filed prior to the bringing of a malpractice suit against a health care provider.

uary 11, 1993. On February 17, 1993, a request for a Medical Malpractice Review Panel was filed with the Chief Justice of the Virginia Supreme Court. The Chief Justice appointed such a panel on March 24, 1993. On April 7, 1993, the Virginia General Assembly repealed Code § 8.02-581.9 -- which tolled the statute of limitations for 120 days from the date of a notice of claim or for 60 days from the date of a medical review panel's opinion -- effective July 1, 1993.[2]

Beginning in April and continuing until August 30, 1993, the parties engaged in discovery, with the panel chairman issuing periodic orders relating to the case. On September 9, 1993, the panel held a hearing and announced its opinion, and on November 3, 1993, Nielsen filed this lawsuit. Gaertner then asserted that Nielsen's claim was barred by the two year statute of limitations,[3] arguing that although the statute had been tolled before the repeal of Code § 581.9, it began to run again on July 1, 1993 (the effective date of the amendment and the repeal), leaving one month and 20 days in which Nielsen had to file his claim, i.e. until August 20, 1993. According to Gaertner, the repeal was to be applied retroactively, thus barring Nielsen's claim, while Nielsen contended that the repeal should not be given retroactive effect, so that his filing on November 3, 1993, was timely.

The district court agreed with Gaertner's position and granted summary judgment in his favor, holding that Nielsen's claim was barred by the two year statute of limitations and that the facts did not estab-

_____

[2] Prior to its July 1, 1993 repeal, this section provided in part:

> The giving of notice of a claim pursuant to § 8.02-581.2 shall toll the applicable statute of limitations for a period of 120 days from the date such notice is given, or for 60 days following the date of issuance of any opinion by the medical review panel, whichever is later.

[3] Apparently the parties do not disagree that the two year limitation of Code § 8.02-243(A) is applicable; their dispute centers around the legal effect of the 1993 amendment to Code § 8.02-581.2, eliminating the requirement for a notice of claim, and of the repeal of Code § 8.01-581.9 and its tolling provisions.

lish a "miscarriage of justice," warranting application of the tolling provision pursuant to Code § 8.01-1.[4] (JA 120-126).

Nielsen then appealed to this court. Following oral argument in January 1995, we filed with the Supreme Court of Virginia an order dated August 30, 1995, requesting that that court answer the certified question. See Va. Const. art. VI, § 1; Va. S. Ct. R. 5:42. The question certified read as follows:

> Whether the repeal of Va. Code §8.01-581.9, effective July 1, 1993, applies retroactively to a cause of action in which notice of a claim under the former § 581.2 was given on January 11, 1993; a medical malpractice review panel was appointed on March 24, 1993; discovery was conducted from April until August, 1993; and a hearing was held and panel decision rendered on September 9, 1993? To answer this question, the court may need to consider the following issues:
>
> 1. Whether Va. Code § 8.01-2, which addresses the retro- active application of statutes, applies to this case, or whether case law under Dye v. Staley, 307 S.E.2d 237 (Va. 1983) and Turner v. Wexler, 418 S.E.2d 886, 887 (Va. 1992), establishing that medical malpractice claims are governed by the law as it exists when the cause of action accrues, gov- erns this case?
>
> a. If Va. Code § 8.01-1 governs, whether the repealed statute involves procedural, substantive, or vested rights?

_____

[4] Code § 8.01-1 provides in part as follows:

> [A]ll provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural aspects of the remedy) or (ii) may cause the mis- carriage of justice.

(Emphasis added.)

4

2. Whether the general presumption of Virginia law against the retroactive application of statutes applies in the absence of express legislative intent that a statute be applied retroactively?

On November 3, 1995, the Virginia Supreme Court found that it was unnecessary for it to respond to our certified question, opining "that there is controlling precedent in the decisions of this Court on the question certified. See Cumberland v. Boone , Record No. 941923, decided September 15, 1995."[5] We subsequently obtained supplemental briefs from the parties addressing Cumberland v. Boone, and the case is now ripe for decision.

II.

A.

With reference to our standard of review, a summary judgment is reviewed de novo on appeal. Jackson v. Kimel, 992 F.2d 1318, 1322 (4th Cir. 1993). Summary judgment is appropriate where there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Here, there is no disagreement as to the essential facts.

B.

Cumberland v. Boone, the decision of the Virginia Supreme Court referred to by it as controlling authority in this case, was consolidated with Harris v. DiMattina, and the opinion deciding the two cases is found at 462 S.E.2d 338 (Va. 1995). The facts in Cumberland are strikingly similar to the facts in our case. Cumberland asserted that he was injured during surgery performed on November 27, 1990, and during follow-up care which continued through January 9, 1991. He filed a notice of claim on December 2, 1992, alleging medical malpractice committed by defendant Boone and other doctors and health care providers. Some of the defendants then requested a medical mal-

_____

[5] We point out that our request for certification was filed before the Virginia Supreme Court announced its decision in Cumberland, as was the district court opinion in this case.

5

practice review panel. A review panel was appointed and held a hearing and rendered its opinion on September 10, 1993. On November 4, 1993, Cumberland filed a motion for judgment against Boone, who filed a special plea asserting that Cumberland's action was barred by the two year statute of limitations. Boone argued that under Code § 8.01-1, see footnote 4, the repeal of former Code § 8.01-581.9 (referred to by the Virginia Supreme Court as the repeal provision) applied to Cumberland's cause of action. He contended that, once the tolling provisions of former Code § 8.01-581.9 were repealed, Cumberland was required to file his motion for judgment within the unexpired portion of the two year limitation period. The trial court granted the motion to dismiss for the reasons advanced by Boone, saying, "with the repeal of . . . Code [§] 8.01-581.9[,] plaintiff's Motion for Judgment is barred by the statute of limitations." 462 S.E.2d at 340.

Thus, under the then existing law, § 8.01-581.2, both Nielsen and Cumberland were initially prohibited from filing their claims until the notice and review provisions were completed. Each filed a timely notice of claim. In each case, a request for the appointment of a medical review panel was made, a panel was appointed, and the panels held hearings and rendered opinions. The problem presented in each case arose because the Virginia legislature amended or repealed the applicable Code sections, effective July 1, 1993, after the notices of claim were filed and the medical review panels were appointed and were functioning, but before the panels held hearings, rendered opinions, or the respective plaintiffs filed their complaints.[6]

III.

In resolving the legal issue in Cumberland, the Virginia Supreme Court turned first to the question of whether the statutory provisions under scrutiny are procedural in nature. In describing why this is important, it referred to its opinion in Morrison v. Bestler, 387 S.E.2d 753 (Va. 1990), where, after pointing out that it had described the

_____

[6] Under the amended law, a plaintiff is allowed to file his complaint first, and then either party can request a review panel, with the action at law being stayed until the medical review panel completes its work and renders its opinion.

6

notice of claim and the tolling provisions as procedural in nature, the court stated:

> . . . [T]he Virginia General Assembly has enacted certain procedures for the prosecution of [medical malpractice claims]. These procedures include the notice of claim, a waiting period for filing suit, the right to a malpractice review panel prior to a court proceeding, use of the opinion of the panel, and extensions of statutory filing limitations under certain conditions.

. . .

> All these procedural requirements . . . were formulated to provide the defendant with adequate notice of the nature of the claim, to assist the parties in case preparation, and to encourage settlement prior to trial.

Harris, 462 S.E.2d at 340 (quoting Morrison , 387 S.E.2d at 757); see also Hewitt v. Virginia Health Servs. Corp., 391 S.E.2d 59, 60 (Va. 1990). The Morrison court then held that the"former Code §§ 8.01-581.2 and -581.9, as well as the repeal provision, are procedural in nature, since they control only the method of obtaining redress or enforcement of rights and do not involve the creation of duties, rights, and obligations." Id. at 340 (citations omitted).

Because these code sections prescribed only the procedural aspects of a remedy, the court stated that the legislature could amend or repeal them at will, "as long as reasonable opportunity and time were provided to preserve substantive or vested rights." Id. at 340 (citations omitted). Being procedural rather than substantive in nature, these former statutes created no vested rights in a plaintiff at the time his cause of action accrued.

The court then considered whether Cumberland's case fell within the statutory exception of Code § 8.01-1, see footnote 4. Asking whether Cumberland had demonstrated a miscarriage of justice, the court identified that question as dispositive of the appeal.

7

It was pointed out that when Cumberland gave his notice of claim, the former Code § 8.01-581.2 prohibited him from filing a motion for judgment until after the applicable statutory time period had expired. 462 S.E.2d at 343. This potential adverse effect on his right to bring suit was remedied by the tolling provisions of former Code § 8.01-581.9. Before July 1, 1993, such a plaintiff retained the tolling benefits of former Code § 8.01-581.9. Id. The Virginia Supreme Court went on to say:

> We believe that application of the repeal provision to Cumberland's case would disrupt this carefully balanced statutory scheme and subject Cumberland to the disadvantage of the former notice of claim requirement, while denying him the intended compensatory benefit of the former tolling provisions. We conclude that such a result would constitute a miscarriage of justice.

> As we stated in Baker [v. Zirkle, 307 S.E.2d 234, 236-37 (Va. 1983)], former Code § 8.01-581.9 was enacted by the General Assembly, "[i]n an obvious effort to compensate for [the] restrictions upon a claimant's usual free access to the courts and to provide relief from an otherwise harsh application of the statute of limitations." . . . 307 S.E.2d at 236-37. Our decision here employs that compensatory statute to prevent the imbalance in remedy that would otherwise result from application of the repeal provision.

Id. (citation omitted).

After recognizing that the legislature could have enacted a saving clause in its repeal of the tolling provisions, but asserting that its failure to do so does not dictate a different result, the Virginia Supreme Court continued:

> Code § 8.01-1 imposes a duty on the trial court to prevent a manifest injustice in the application of a new provision of law.

> This duty is not dependent on the presence of a saving clause in the new provision of law; in fact, the need to exercise this statutory duty is most plainly manifest in a case such as this, when no saving clause was enacted to preserve the original statutory balance. Therefore, we hold that a

8

> plaintiff who has given a notice of claim prior to July 1,
> 1993, pursuant to former Code § 8.02-581.2, is entitled to
> the compensatory benefit of the tolling provisions of former
> Code § 8.01-581.9.
>
> . . . Thus, application of former Code § 8.01-581.9 does not
> divest Boone of any property right already accrued before
> July 1, 1993.

Id. at 343-44.

For these reasons, the Virginia Supreme Court reversed the trial court's judgment dismissing Cumberland's appeal as barred by the two year statute of limitations, and remanded the case to the trial court for further proceedings consistent with its opinion.

We have carefully considered the issues in this case and are unable to distinguish either the facts or the law herein from the facts and law in Cumberland. We agree with the Virginia Supreme Court that Cumberland is indeed controlling authority in this case and accordingly we hold that the district court erred in granting summary judgment in favor of Gaertner.

IV.

For the reasons hereinabove set forth, the decision of the district court is reversed and the case is remanded to the district court for proceedings not inconsistent with this opinion.**7**

REVERSED AND REMANDED

_____

**7** Our conclusion that Cumberland controls here is buttressed by the Virginia Supreme Court's disposition of the consolidated case of Harris v. DiMattina, supra. Harris alleged that she sustained injuries from medical malpractice on July 15, 1991. She mailed her notice of claim on July 13, 1993 (after the effective date of the amendment and repeal). Neither party ever requested a medical review panel. On October 26, 1993, Harris filed her motion for judgment and Dr. DiMattina filed a motion to dismiss, relying on the two year statute of limitations. The trial court granted DiMattina's motion and the Virginia Supreme Court affirmed, holding that Harris was not entitled to rely on the tolling provisions of Code § 8.01-581.9. 462 S.E.2d at 342.