Present:  All the Justices

PATRICIA RIDDETT, ADMINISTRATRIX
OF THE ESTATE OF
CLIFFORD RIDDETT, DECEASED
                              OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 970297                          January 9, 1998

VIRGINIA ELECTRIC AND POWER COMPANY


             FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          Robert W. Curran, Judge


     This is an appeal from a summary judgment entered in an

action brought under the Death By Wrongful Act statutes, Code

§§ 8.01-50 through -56.  The question is whether the trial court

correctly ruled that the plaintiff's action was time barred when

a nonsuited action was not refiled within the time prescribed by

the wrongful death statute of limitations in effect when the

cause of action accrued.  In other words, we must determine

whether the trial court correctly refused to apply retroactively

a tolling provision amendment to the wrongful death statute of

limitations enacted after accrual of the instant cause of action.

     The chronology is important.  On July 3, 1987, Clifford

Riddett was electrocuted while attempting to install ground

anchors adjacent to his mobile home in Gloucester County.  On

June 29, 1989, with four days remaining on the applicable two-

year statute of limitations, appellant Patricia Riddett,

Administratrix of the Estate of Clifford Riddett, Deceased, filed

in the court below a wrongful death action, the original action,

against appellee Virginia Electric and Power Company and others.

 The plaintiff sought judgment for damages as a result of the

defendants' alleged negligence in causing the decedent's death.

On January 11, 1991, while the original action was still pending, this Court decided Dodson v. Potomac Mack Sales & Serv., Inc., 241 Va. 89, 400 S.E.2d 178. We held that the wrongful death statute of limitations, in former Code § 8.01-244(B), prescribed "a limitation period and a discrete tolling provision applicable to nonsuits of wrongful death actions." Id. at 93, 400 S.E.2d at 180. We said that former Code § 8.01-229(E)(3), dealing generally with the subject of tolling statutes of limitations, was inapplicable to wrongful death actions because former § 8.01-244(B), dealing specifically with the subject, controlled. Id. at 94-95, 400 S.E.2d at 181.

Effective July 1, 1991, the General Assembly amended the foregoing statutes. Acts 1991, ch. 722. The amendments modified those statutes to provide a six-month tolling provision for nonsuited wrongful death actions.

On January 20, 1995, the plaintiff nonsuited the original action. On June 20, 1995, the plaintiff filed the present wrongful death action against Virginia Power, and others, making essentially the same allegations that had been made in the original action. Later, the plaintiff's case against the other defendants was settled.

Virginia Power filed a motion for summary judgment on the ground that the present action was untimely. Following a hearing, the trial court granted defendant's motion and dismissed

the action with prejudice.  We awarded plaintiff this appeal from the November 1996 final order.

When the plaintiff's cause of action accrued, the 1984 version of the wrongful death statute of limitations was in effect.  It provided that if a wrongful death action is brought within two years after the death of the injured person and is dismissed without determining the merits, "the time such action is pending shall not be counted as any part of such period of two years and another action may be brought within the remaining period of such two years as if such former action had not been instituted."  Code § 8.01-244(B) (1984 Repl. Vol.).

As we have said, in Dodson we held the foregoing statute controlled that wrongful death action, not Code § 8.01-229, the general nonsuit statute.  As pertinent, the latter statute provided that if a plaintiff suffers a voluntary nonsuit, "the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation, whichever period is longer."  Code § 8.01-229(E)(3) (1984 Repl. Vol.).

In the 1991 amendments to the foregoing statutes, the General Assembly provided in § 8.01-229 that the six-month tolling provision for nonsuited actions "shall apply to all actions irrespective of whether they arise under common law or

- 3 -

statute." Code § 8.01-229(E)(3) (1992 Repl. Vol.).

At the same time, the legislature provided in § 8.01-244 that if a plaintiff suffers a voluntary nonsuit, "the provisions of subdivision E 3 of § 8.01-229 shall apply to such a nonsuited action." Code § 8.01-244(B) (1992 Repl. Vol.).

On appeal, the plaintiff points out the 1991 amendments "extending the six-month tolling provisions following a nonsuit to wrongful death actions had been in existence for more than three and one-half years when plaintiff's original action was nonsuited." Continuing, plaintiff says there "is no dispute that the original action was timely filed" and there "can be no dispute that, at the time the 1991 statutory amendments became effective, plaintiff's claim was not time-barred."

Building on this premise, the plaintiff contends the 1991 nonsuit tolling provisions are applicable to her cause of action by virtue of the provisions of Code § 8.01-1. That statute provides: "Except as may be otherwise provided in § 8.01-256 [governing limitations affecting actions pending on October 1, 1977] . . . , all provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive rights of a party (as distinguished from the procedural aspects of the

- 4 -

remedy) or (ii) may cause the miscarriage of justice." The plaintiff argues that under those "plain terms . . . new or amended provisions of Title 8.01 apply to existing causes of action except in three instances," which, the plaintiff says, are inapplicable here.

Additionally, plaintiff contends there is a difference between "a limitation period" and "a tolling provision." A tolling provision, according to plaintiff, "confers neither right nor remedy," but rather "involves the procedural aspects of a remedy." Also, plaintiff argues, "nonsuit tolling provisions are not substantive and do not materially curtail any substantive rights" of defendant.

Elaborating, plaintiff contends the "purpose of the statute of limitations was served when plaintiff brought her original action within two years of" the decedent's death. She says defendant was put on timely notice of her claim, identified witnesses, gathered evidence, and engaged in extensive discovery before the original action was nonsuited. She argues defendant's "ability to defend plaintiff's claim was in no way impaired by the nonsuit of the original action and her filing of the second action six months later."

Finally, plaintiff contends the General Assembly "manifestly intended the nonsuit tolling provisions of the 1991 amendments were to apply to actions for wrongful death pending on the effective date of those amendments." She says Code § 8.01-1

"could not be more clear."  Also, she argues, Code § 8.01-229(E)(3) was modified to apply to "all actions," thereby making "clear that the nonsuit tolling provisions applied not only to common law actions but to actions, such as those for wrongful death, created by statute."

Thus, plaintiff contends, the trial court erred in granting defendant's motion for summary judgment.  We disagree.

If the 1984 versions of the applicable statutes control, particularly Code § 8.01-244(B), the present action was untimely. See Dodson, 241 Va. at 95, 400 S.E.2d at 181.  When the original action was filed, only four days of the two-year limitations period remained.  Thus, when the plaintiff took the nonsuit, she had four days to refile the action pursuant to the tolling provision of § 8.01-244(B) (time wrongful death action pending not to be counted as any part of two-year limitation period and another action may be brought within remaining two-year period). The plaintiff waited, however, five months before refiling.

To salvage her time-barred action, the plaintiff seeks to apply the 1991 amendments retroactively.  The success of that strategy depends upon whether the time provisions of the 1991 amendments are procedural and not substantive.  We hold they are substantive.

"Substantive rights, which are not necessarily synonymous with vested rights, are included within that part of the law dealing with creation of duties, rights, and obligations, as

- 6 -

opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." Shiflet v. Eller, 228 Va. 115, 120, 319 S.E.2d 750, 754 (1984).

Actions for wrongful death did not exist at common law. The cause of action and the right to enforce it were created by statute. Dodson, 241 Va. at 92, 400 S.E.2d at 180. The limitation period contained in Code § 8.01-244(B) is directed specifically to the right of action provided by the wrongful death act; the limitation qualifies the right. See Jones v. R.S. Jones and Assocs., Inc., 246 Va. 3, 7, 431 S.E.2d 33, 35 (1993). Thus, the limitation period for bringing the wrongful death action, including the tolling provision, is a substantive part of such action. Id.

Consequently, because the wrongful death statutes inextricably bind the remedy to the right of recovery, the rights of the plaintiff and defendant under the statutes became fixed at the time the cause of action accrued and subsequent amendments do not apply retroactively. Barksdale v. H.O. Engen, Inc., 218 Va. 496, 498-99, 237 S.E.2d 794, 796-97 (1977). This rule applies whether the amendments are to tolling provisions or statutes of limitation. See Dodson, 241 Va. at 93-94, 400 S.E.2d at 180.

Moreover, contrary to plaintiff's contention, Code § 8.01-1 does not require retroactive application of the 1991 amendments. Such application is prohibited by the provisions of Code § 1-16. As pertinent, that statute provides: "No new law shall be

- 7 -

construed to repeal a former law . . . or any right accrued, or claim arising under the former law, or in any way whatever to affect . . . any right accrued, or claim arising before the new law takes effect; save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. . . ."  See Harris v. DiMattina, 250 Va. 306, 311-12, 462 S.E.2d 338, 340 (1995); Ferguson v. Ferguson, 169 Va. 77, 87-88, 192 S.E. 774, 777 (1937).

Code § 8.01-1 is an exception to the general rule of statutory construction set forth in § 1-16.  Harris, 250 Va. at 314, 462 S.E.2d at 341.  The general rule is that changes to statutes affecting substantive rights apply prospectively and that the proceedings under those statutes will conform to the laws in effect on the date they are conducted.  Section 8.01-1, the exception, deals only with changes in the procedural provisions of Title 8.01 and also sets forth certain circumstances when such procedural changes may not apply to existing causes of action.  Because the 1991 amendments are changes to the substantive statutes under consideration, § 8.01-1 has no application.

Finally, the plain language of the 1991 amendments does not support the plaintiff's contention that the General Assembly intended them to apply retroactively.  The plaintiff urges retroactive application because the modification to Code § 8.01-229(E)(3) applies to "all actions."

But those words must be construed in context with the language they accompany. The statute provides that it applies "to all actions irrespective of whether they arise under common law or statute." Plainly, the "all actions" phrase means the amendment applies to both common law and statutory actions. The words refer to the type of action, and not to prospective or retroactive application of the amendment. Indeed, amendments to statutes of limitations are presumed to be prospective and not retroactive in their operation, in the absence of a clear legislative intent to the contrary. Ferguson, 169 Va. at 85, 192 S.E. at 776.

Accordingly, we hold there is no error in the judgment of the trial court and it will be

Affirmed.